JOHN G. LOBSTEIN

*v.*

ANDREW LEHN *et al.*

*Filed at Ottawa May 12, 1887.*

1. APPEAL—*as to the amount involved.* On creditor's bill to set aside a conveyance of land and subject it to the payment of a judgment of $490, the grantees in the deed set up in their answers and cross-bill that the same was given to them to secure an indebtedness from the grantor to them of some $1500, and over $500 moneys advanced or assumed by them in respect to prior incumbrances, and the court sustained the cross-bill foreclosing the deed as a mortgage, and ordered a sale giving precedence to the claims of the grantees. It was *held,* that an appeal would lie from the judgment of the Appellate Court affirming the decree below, there being over $1000 involved.

2. In such case, the complainant in the creditor's bill will stand in the same position in regard to an appeal, as if the cross-bill was a bill to foreclose, or his bill was one to redeem from a mortgage; and as the decree below required him to pay a sum over $1000 beyond what he claimed to be due, the litigation involved over $1000.

3. FRAUDULENT CONVEYANCE—*of the distinction in case there is fraud in fact, or the transaction is only constructively fraudulent.* A deed fraudulent in fact, is absolutely void as against creditors of the grantor, and will not be permitted to stand as a security for any purpose of reimbursement or indemnity; but it is otherwise with a deed which is only constructively fraudulent. In the latter case, the grantee may hold the same as a security for a debt honestly due him.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Henry M. Shepard, Judge, presiding.

Mr. Theodore H. Schintz, for the appellant:

Lehn was insolvent at the time he executed the deed to Kasch & Van Deursen, and the lands conveyed were his only available assets. Kasch & Van Deursen knew there were other debts of Lehn.

An assignment for the benefit of creditors must be absolute and unconditional, and without reservation of any benefit to the assignor. The provision to pay the surplus to Lehn makes the transaction fraudulent. *Harden* v. *Osborn,* 60 Ill. 93; *Gardner* v. *Bank,* 95 id. 298.

The provision that the property should not be sold for five years without the consent of the assignor, makes the conveyance fraudulent. *Harden* v. *Osborn,* 60 Ill. 93; *Gardner* v. *Bank,* 95 id. 298; Bump on Fraud. Con. 355.

There is no difference, in principle, between fraud in fact and in law, when the direct and unavoidable effect is to hinder or defraud creditors. The law presumes that the illegal object furnished one of the motives for doing the act. Bump. on Fraud. Con. 24, 25.

Such an arrangement as is here shown is, as a conclusion of law, fraudulent and void, and the whole instrument fails for all purposes. *Mackie* v. *Cairns,* 5 Cow. 547; *McClurg* v. *Lecley,* 3 Pen. & Watts, 83; *Grover* v. *Wakeman,* 11 Wend. 187; *Goodrich* v. *Downs,* 6 Hill. 438; *Barney* v. *Griffin,* 2 Comst. 371; *Hyslop* v. *Clark,* 14 Johns. 458; *De Beerski* v. *Gage,* 36 N. Y. 537; *Harris* v. *Sumner,* 2 Pick. 129.

There was a secret trust between the parties that Kasch & Van Deursen should hold the property, or a portion of the proceeds, for Lehn himself, at the expense of his creditors. *Power* v. *Alston,* 93 Ill. 587; *Moore* v. *Wood,* 100 id. 541; *Lurkin* v. *Aird,* 6 Wall. 78; *Passmore* v. *Elbridge,* 12 S. & R. 198; *Elias* v. *Farley,* 3 Keyes, 398.

If one purpose of making a mortgage is to put the property out of the reach of the mortgagor's creditors, it is void as to creditors. 1 Jones on Mortgages, 627; *Boies* v. *Hensey*, 32 Ill. 131; *Reed* v. *Noxon*, 48 id. 323; *Hansen* v. *Dennison*, 7 Bradw. 73.

Mr. HUGH L. BURNHAM, for the appellees Kasch & Van-Deursen:

If a transaction is in fact a security, it is a mortgage, no matter what its form may be. *Flagg* v. *Foster*, 2 Sum. 523.

A power of sale does not change the nature of the transaction. *Eaton* v. *Whiting*, 3 Pick. 484.

Although the grantee may have had knowledge of the other debts, and of the insolvency of the grantee, a deed absolute in form, given to secure a preëxisting debt, will be treated as a mortgage, as to other creditors. *De Wolf* v. *Strader*, 26 Ill. 225; *Taintor* v. *Keyes*, 43 id. 332; *Sutphen* v. *Cushman*, 35 id. 186.

Malice, fraud, covin, collusion or guile, are necessary elements to make up the intent or purpose to delay, hinder or defraud creditors; and they must be entertained by both parties to the deed. *Axtell* v. *Cullen*, 3 Bradw. 527; *Sackett* v. *Mansfield*, 26 Ill. 21; *Myers* v. *Kinzie*, 26 id. 36; *Hesing* v. *McCloskey*, 37 id. 341.

A fraudulent intent on the part of the mortgagor, alone, will not vitiate the instrument. *Herkelrath* v. *Stookey*, 63 Ill. 486; *Miller* v. *Kirley*, 74 id. 242; *Mather* v. *Dobschuetz*, 72 id. 440; *Hatch* v. *Jordan*, 74 id. 414.

A creditor violates no rule of law when he takes payment of his demand, though other creditors are thereby deprived of all means of obtaining satisfaction of their own equally meritorious claims. *Axtell* v. *Cullen*, 3 Bradw. 527; *Gray* v. *St. John*, 35 Ill. 222; *Miller* v. *Kirley*, 74 id. 242.

Fraud is never presumed when transactions may be fairly reconciled with honesty; and if the weight of the evidence is

in favor of that conclusion, it should always be adopted. *Mey* v. *Gulliman,* 105 Ill. 272; *Hatch* v. *Jordan,* 74 id. 414.

The rule is well settled, in equity, that when a security or conveyance is set aside as constructively fraudulent, it may be upheld in favor of one not guilty of any actual fraud, to the extent of the actual consideration, and be vacated only as to the excess. *Phelps* v. *Curts,* 80 Ill. 109, and cases cited.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill filed by John G. Lobstein, to set aside a warranty deed made by the defendant Andrew Lehn, to his co-defendants, Helmut Kasch and Arie Van Deursen, on the ground of the same being fraudulent as against creditors, and to subject to a sale, under complainant's execution, the lands thus conveyed. The bill was taken *pro confesso* against Lehn, and Kasch & Van Deursen answered, denying any fraudulent intent, alleging that Lehn was indebted to them in the sum of $1458.29, and that the deed was accepted by them upon the trusts set forth in a certain agreement, a copy of which is attached to their answer. Afterward, Kasch & Van Deursen filed a cross-bill, setting out that the deed was given and received simply as security for a debt due them, and praying relief accordingly. The cross-bill went by default against Lehn, and complainant's bill was allowed to stand as his answer to the cross-bill. Upon hearing, on proofs taken, a decree was entered, to the effect, that unless Lehn pay to Kasch & Van Deursen, by a certain day, the sum of $2084.11, composed of $527.01 due them under a trust deed made by Lehn in their favor to one Van Vlissengen, and $1557.10 paid by them for Lehn under the agreement or declaration of trust, and also satisfy the judgment for $490.91, and costs, which Lobstein had obtained against Lehn, the lands should be sold subject to the lien of the other above described trust deeds thereon, and the proceeds of sale be applied first in

payment to Kasch & Van Deursen of said sum of $2084.11, and then of Lobstein's judgment. On appeal to the Appellate Court for the First District, the decree was affirmed, and complainant appealed to this court.

A motion was made by appellees to dismiss the appeal because the amount in controversy is less than $1000, exclusive of costs. The value of the land was some $4500. It is said by appellees, that the amount in controversy is the amount of appellant's judgment, which, together with interest, is less than $1000. However it might have been under the original bill before the cross-bill was filed, after the filing of the cross-bill we think it became a matter in contest what sum of money should be paid to the mortgagees, Kasch & Van Deursen, in order to redeem. Kasch & Van Deursen claim that they are entitled to $2084, and the decree upholds their claim. Lobstein, in order to preserve his rights as a judgment creditor having a lien on the lands, had a right to redeem. Lobstein was made a party to the cross-bill because of his right to redeem if the deed and instrument in question are a mortgage, and the contest between him and the parties claiming as mortgagees, as to the amount to be paid to redeem, involves an amount over $1000. We are inclined to the view that Lobstein should stand in the same position in regard to an appeal, as if the cross-bill had been an original bill to foreclose, or the complainant's bill had been a bill to redeem; and the decree entered by the court below contained a provision for redemption by Lobstein, on payment to Kasch & Van Deursen of a sum over $1000 beyond that claimed by him to be due. The motion to dismiss the appeal is overruled.

The circumstances attending the execution of the alleged fraudulent deed were, that Lehn was indebted to Helmut Kasch in the sum of $500, and to the firm of Kasch & Van-Deursen, of $500, to secure the payment of which latter claim Lehn had before executed his notes to Kasch & Van Deursen for $500, and his trust deed to one Van Vlissengen to secure

their payment on the premises in controversy, at the time of executing which trust deed there were three other prior trust deeds, liens upon said premises. In the month of August, 1885, the interest on these notes to Kasch & Van Deursen being due and unpaid, they threatened to foreclose the trust deed made to Van Vlissengen. Several interviews were had between Lehn and Kasch & Van Deursen upon the subject, which resulted in the execution of the warranty deed in question by Lehn to Kasch & Van Deursen, and a writing by Kasch & Van Deursen to Lehn, whereunder they advanced to Lehn $233, and paid, or assumed to pay, and declared as paid, for Lehn, $658.29, composed of the amount of Kasch's individual claim against Lehn, and interest due on the incumbrances on the property, and taxes; and Kasch & Van-Deursen agreed, that if, after they had sold said premises, they should realize more than the amount of their claim against Lehn, and the costs of preserving the property and clearing off the incumbrances on it, together with interest on the total sum laid out by them, then, in that case, the balance should be paid to Lehn, they also agreeing not to sell within five years at a price which Lehn would not consent to. The warranty deed was recorded, but the writing was held unrecorded. Subsequently, appellant, Lobstein, took judgment by confession against Lehn, and after execution returned "no property found," filed his bill herein. Kasch & Van Deursen entered into possession of the premises, and have continued in possession ever since. They redeemed the premises from the sale of taxes for 1883, paid subsequent taxes, and every installment of principal and interest as soon as due, upon the indebtedness secured upon said premises. Lehn was at the time insolvent. The conveyance included all his property. His unsecured debts then owing to other parties seem to have been about $1300. Appellant insists, that as against creditors Kasch & Van Deursen are entitled to nothing except the amount due them under their trust deed for $500,—or, in

other words, that the warranty deed and accompanying writing should stand for no purpose as against creditors.

A deed fraudulent in fact is absolutely void as against creditors, and is not permitted to stand as a security for any purpose of reimbursement or indemnity; but it is otherwise with a deed which is only constructively fraudulent. (*Boyd* v. *Dunlap,* 1 Johns. Ch. 402; *Phelps* v. *Curts,* 80 Ill. 109.) The solution of the question raised by appellant depends, then, upon whether there was actual fraud on the part of appellees in the transaction assailed.

It is clear, from the evidence, that it was a purpose of appellees, in entering into the transaction, to obtain security for a preëxisting indebtedness due from Lehn; but that there was any purpose on their part to defraud or to hinder and delay other creditors of Lehn, there certainly is no direct proof. The creditors holding the secured claims could in nowise be injured, as theirs were prior liens. It was only those having the unsecured debts who were liable to be injuriously affected. But it can hardly be said a preponderance of the evidence shows that Kasch & Van Deursen even knew of the existence of any unsecured debts, except some which Lehn designated as some "small debts around," and which they understood, as they say, he was to pay from the money they at the time advanced to him. They themselves both testify they did not so know.

We are unable to say that the court was not justified in the finding that there was no actual fraud shown by the proof on the part of Kasch & Van Deursen. The deed to them, then, was but constructively fraudulent; and in accordance with the rule recognized and adopted in *Phelps* v. *Curts, supra,* the court did right in letting the deed stand as security for the moneys paid by and the indebtedness due Kasch & Van-Deursen.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*