ANGELINE KELLER ET AL.

v.

JOHN T. WHITLEDGE.

*Fraudulent Conveyances—Bill to Subject Real Estate or its Proceeds to Payment of Judgment—Whether Findings of Decree Supported by Allegations of Bill.*

Where, in a bill seeking to set aside a conveyance as colorable and intended to hinder creditors, there is no allegation of insolvency against the grantor, it is not material to consider the question whether the finding that the grantor was insolvent is supported by the evidence, but a conveyance made with the direct purpose to defraud creditors, may be attacked without charging insolvency as the result of such conveyance.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. W. T. COALE and LANE & COOPER, for appellants.

Mr. AMOS MILLER, for appellee.

CONGER, P. J.    This was a bill filed by appellee to enforce payment of a judgment of $238.50 and costs, which he had recovered against two of the appellants, Angeline and Joseph Keller, at the March term, 1885, of the Montgomery Circuit Court. The bill charged that an execution on said judgment was returned "No property found on the 23d of January, 1888; that Joseph Keller is insolvent; that Angeline is in some way beneficially interested in certain lands or their pro-

ceeds, acquired by her through the last will of Solomon Heck-
man, deceased, her father; that said Heckman by his will
devised 135 acres of land to his wife, Julia, for life; and
directed that upon her death his son, John C. Heckman, and
his son-in-law, Arthur O. Whitlock, should sell said real estate
at public sale, in lots not exceeding forty acres, and divide the
proceeds equally between his four children, viz., Angeline
Keller, Joseph E. Heckman, John C. Heckman and Caroline
Whitlock; that said Julia died in January, 1888; that on
the 31st day of March, 1883, Angeline and her husband,
Joseph, made a pretended sale by warranty deed, in form, for
the consideration of $100 and natural love and affection, pre-
tending to convey their right to said premises to their three
children, Mary J., Joseph C. and Lyda B. Keller; that said
sale was colorable only and to protect said interests from
appellee's judgment; that on January 24, 1888, the lands
were sold; that a portion was sold to Arthur O. Whitlock for
$2,500, and that Angeline claimed nothing from said sale, but
her three children, to whom she had in 1883 pretended to
convey her interest, executed conveyances to Whitlock;
charges that this sale was merely colorable, and that said
Angeline still retains her interest either in the lands, or the
proceeds arising from the sale to Whitlock, and calls for a
discovery, etc.

The bill was afterward amended, charging that the indebt-
edness due from said Angeline to appellee, had been due for
ten years prior to the judgment.

An answer was filed by the defendant to the bill admitting
the insolvency of Joseph Keller, but denying that the con-
veyance of Angeline and her husband to their three children
made in 1883 was a pretended sale, or merely colorable, or
made to place the property beyond the reach of appellee's
judgment, but that said sale was *bona fide* and for a good and
valuable consideration. The Circuit Court found the sale to
the children by Angeline and her husband to have been made
to hinder and delay the creditors of said Angeline, and partic-
ularly appellee, and that after said conveyance said Angeline
was insolvent, and it was decreed that Arthur O. Whitlock

should pay appellee's judgment out of the money in his hands, which represented Angeline's share of the land, and the balance of such money he should pay to Angeline's three children. The bill nowhere charges that Angeline was insolvent either before or after the conveyance to her children, nor that such conveyance made her so, unless it be the assertion in the bill that in January, 1888, some five years after the conveyance, an execution against her was returned "No property found." If the making' of the conveyance to her children did not render her insolvent, or at least materially interfere with her ability to pay the judgment, appellee would have no right to complain of its execution because it was a gift on her part. Even though voluntary it would have to be sustained. We are therefore of opinion that there is no such allegation in the bill as would support the finding of the court without tending to pass upon the weight and sufficiency of the evidence upon this point, " that after said conveyance said Angeline was insolvent."

But the bill does charge that the sale by Angeline and her husband to their children " was merely colorable, and made with a view of protecting the property and effects of Angeline, and placing the same beyond the reach of appellee's judgment, and enabling Angeline to enjoy the same and the avails thereof." If this charge in the bill is sustained by the evidence it will support the decree, whether the conveyance left Angeline solvent or insolvent; for it is a direct charge of an intent to defraud creditors, and a conveyance made with such a purpose may be attacked by creditors without charging insolvency as a result. It appears reasonably clear from the evidence that this interest in her father's estate was all that Angeline Keller had; that she had promised appellee to pay his judgment out of such interest when she should receive it that she conveyed it to her children for very much less than it was worth. From these circumstances it is reasonable to conclude that Mrs. Keller would not have made the conveyance to her children under the circumstances that she did, except for the purpose of placing her interest beyond the reach of appellee's judgment and where she could ultimately receive

the benefit of it. It is unreasonable to believe that she would have sold to others than her children on the terms she did, or that she would have sold to them on such terms if she had not owed appellee's judgment. Considerable is said in the argument of counsel as to the nature of Mrs. Keller's interest in her father's land. Whether at the time of the conveyance to the children she had such an interest in the land as that her deed would transfer it to her children, or whether it was merely an interest in the money arising from the sale of the land, and therefore did not in law pass by the deed. We do not deem it necessary to decide this question, as the decree of the Circuit Court can be upheld upon either theory when it is once determined that the conveyance of 1883 was fraudulent, and hence void; for in such case it would be set aside whether it was in fact a conveyance of Mrs. Keller's interest in the land as such, or an equitable assignment or transfer of her interest in the money arising from the sale of the land.

We think the decree is right and should be affirmed.

*Decree affirmed.*