JOHN BROWN et al. Respondents, *v.* ANN E. CHUBB et al., Appellants.

Where a conveyance is constructively, but not actually, fraudulent as against the creditors of the grantor, the grantee may hold the land as security for a debt honestly due him.

In an action by plaintiffs, who were judgment creditors of T., to reach and appropriate to the payment of their judgment certain real estate purchased by T. and by him procured to be conveyed to C., his daughter, the court found that the conveyance was procured by T. in contemplation of insolvency and with intent to defraud creditors; and that he furnished the consideration paid for the property, but that the grantee was free from fraud in the transaction; that about two months after the transfer a judgment was recovered against T., an execution issued thereon and returned unsatisfied, and subsequently said judgment was transferred to C. for a valuable consideration. Plaintiffs' judgments were

recovered about a year afterwards. A judgment was rendered directing the property to be transferred to a receiver, the proceeds to be applied in satisfaction of plaintiffs' judgment, in disregard of C.'s right as a judgment creditor. *Held*, error; that while under the statute (1 R. S. 728, §§ 51, 52) the property in the hands of C. was charged with a trust in favor of T.'s creditors, she being a judgment creditor as well as the grantee was both trustee and *cestui que trust ;* that plaintiffs by bringing their action acquired no superior rights or equities; that conceding the rule giving to the vigilant creditor the fruits of his vigilance by recognizing the priority of his lien was applicable, it was satisfied and such priority secured by the union in C. of both the title to the property and to the prior judgment, with all legal remedies for its collection exhausted; that she having title and possession was not required to bring an action which would be substantially against herself in order to preserve her claim as a judgment creditor.

(Argued June 1, 1892 ; decided October 4, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 9, 1889, which modified and affirmed as modified an interlocutory judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. C. M. Ingraham* for appellants. It was a condition precedent to this action that the plaintiffs should have recovered valid judgments against the defendant Joseph H. Townsend. (*Reubens* v. *Joel,* 13 N. Y. 488; *Bishop* v. *Halsey,* 3 Abb. Pr. 400; *Cropsey* v. *McKinney,* 30 Barb. 47; *Noble* v. *Holmes,* 5 Hill, 194; *Van Etten* v. *Hurst,* 6 id. 311; *O. N. Bank* v. *Olcott,* 46 N. Y. 12.) The plaintiffs failed to obtain such judgments. (Code Civ. Pro. § 440; *Hallett* v. *Righters,* 13 How. Pr. 43; *Brisbane* v. *Peabody,* 3 id. 109; *Kendall* v. *Washburn,* 14 id. 380; *Titus* v. *Reylea,* 16 id. 371; *Cook* v. *Farren,* 34 Barb. 95; *Wortman* v. *Wortman,* 17 Abb. Pr. 66; *Rawdon* v. *Corbin,* 3 How. Pr. 416; Code Civ. Pro. §§ 438, 439; *Towsly* v. *McDonald,* 32 Barb. 604; *Vernam* v. *Holbrook,* 5 How. 3.) Sections 51 and 52 of 1 Revised Statutes 728, cannot be invoked in aid of the

plaintiffs in this action. (*Niver* v. *Crane*, 98 N. Y. 40.) The court erred in refusing to find as requested " that if said premises conveyed by Beal to Chubb should be applied or subject to the payment of the debts of the defendant Joseph H. Townsend they should be first used for the payment of said judgment recovered by John Morton and others," and also in refusing to find as requested regarding the rents. (*Loos* v. *Wilkinson*, 113 N. Y. 485; *Wood* v. *Hunt*, 38 Barb. 302.) The trust resulting under section 52 of 1 Revised Statutes, 728, is in behalf of all the creditors in the order of priority of their judgment claims. (*O. N. Bank* v. *Olcott*, 46 N. Y. 12; *C. C. Bank* v. *Risley*, 19 id. 369; *Murphy* v. *Briggs*, 89 id. 452; *Wood* v. *Robinson*, 22 id. 564.) If the Morton judgment is not a first claim upon the Bergen street property for its full amount, yet it should be regarded as such to the extent of $4,000, the amount which Mrs. Chubb paid therefor. (*Murry* v. *Briggs*, 89 N. Y. 446; *Seymour* v. *Wilson*, 19 id. 417; *Loos* v. *Wilkinson*, 113 id. 485.)

*Josiah T. Marean* for respondents. The judgments against Townsend, upon which the action is based, were valid. (Code Civ. Pro. §§ 438, 439.) When the conveyance was made by Beal and wife to defendant Chubb, a trust resulted in favor of the creditors of Townsend to the extent necessary to satisfy their just demands. (1 R. S. 728, §§ 51, 52; *Wood* v. *Robinson*, 22 N. Y. 564; *McCartney* v. *Bostwick*, 32 id. 53; *Baker* v. *Bliss*, 39 id. 70; *O. N. Bank* v. *Olcott*, 46 id. 12.) By virtue of the commencement of this action plaintiffs acquired a lien upon the real property conveyed by Beal and wife to defendant Chubb, and upon the rents of the same received by her. (*Edmeston* v. *Lyde*, 1 Paige, 637; *Boynton* v. *Rawson*, Clarke, 584; *Fitch* v. *Smith*, 10 Paige, 9; *Safford* v. *Douglas*, 4 Edw. 537; *Storm* v. *Waddell*, 2 Sand. Ch. 494; *Corning* v. *White*, 2 Paige, 567; *Warden* v. *Browning*, 12 Hun, 497; *Loos* v. *Wilkinson*, 110 N. Y. 195; *Niver* v. *Crane*, 98 id. 46.)

O'BRIEN, J.   The plaintiffs were judgment creditors of one Joseph H. Townsend, and brought this action to reach and appropriate to the payment of their judgments certain real estate in Bergen street, in the city of Brooklyn, which was conveyed on December 1, 1883, by one Beals to the defendant Ann E. Chubb, who is the daughter of the judgment debtor, who paid to Beals the consideration of the conveyance.   It has been found that the judgment debtor procured this conveyance to be made to his daughter, in contemplation of insolvency, and with intent to defraud creditors, and that he furnished the consideration for the purpose of avoiding the payment of his just debts, but that the daughter and grantee of the property was free from all fraud in the transaction. The latter fact is a most significant one, and raises the only question which we think is open to us on this appeal.   It has also been found that on January 26, 1884, one Morton recovered a judgment against Townsend for $6,117.83, which was docketed in Kings county on that day, and on the same day an execution was issued on this judgment, and subsequently returned unsatisfied ; and that on March 13, 1884, Morton, for a valuable consideration, assigned the judgment to the defendant Mrs. Chubb.   This judgment was recovered and execution issued thereon nearly a year before the recovery of the judgments, which the plaintiffs seek to enforce in this action.   It appears, therefore, that the judgment debtor never had the title to the real estate in question, but that before the plaintiffs recovered any judgment, or were entitled to proceed against this real estate, the title had become vested in his daughter, who had also become clothed with all the rights of a judgment creditor of her father, without participation in any fraud.   Neither the plaintiffs' judgments nor that recovered by Morton ever became a lien on the real estate conveyed to Mrs. Chubb, in the sense that it could be sold upon execution. (*Garfield* v. *Hatmaker*, 15 N. Y. 475.)   The remedy of Townsend's creditors as to this land was in equity, under the provisions of the statute that the title in such cases shall vest in the grantee named in the conveyance, subject to a resulting

trust in favor of the creditors of the person paying the consideration.   (1 R. S. 728, §§ 51, 52.)

The trial court held that by virtue of the commencement of this action the plaintiffs acquired a lien upon the property and the rents thereof in the hands of Mrs. Chubb, and that the same were equitable assets of the debtor.   The judgment directed her to convey the property to a receiver, appointed by the court, and the receiver to sell the same and apply the proceeds to the payment of the liens thereon, in the order of their priority; that the defendant Mrs. Chubb account to and pay over to the receiver the rents received by her, to be applied to the same purpose.   The judgment does not indicate very clearly what is meant by the priority of liens, but it necessarily postpones the Morton judgment, in the hands of the person who has the legal title to the property, till after the satisfaction of the plaintiff's judgment, which, as we have seen, are subsequent in point of time.   The legal effect of the decision is made clearer by reference to certain requests made by the defendant Mrs. Chubb, as follows: 1. That if the real estate was subject to be applied to the payment of Townsend's debts, then it should be first used for the payment of the Morton judgment.   2. That if the rents were subject to be so applied, they should first be used to satisfy the same judgment.

The trial court refused to so hold, and counsel for the defendant, Mrs. Chubb, excepted.

The General Term affirmed the judgment with a modification to the effect that she should be credited, in the accounting, with such sums as she had paid since she went into possession of the property, for taxes, interest on incumbrances, repairs, and any other necessary expenses for the preservation and maintenance of the same.

The question is whether, according to the course and practice of equity, the title to this property can be transferred to a receiver in disregard of the rights of Mrs. Chubb as a creditor, for that is practically what the judgment does.   The defendant holds the legal title subject to a resulting trust in favor of the creditors of her father.   But she is herself one of them,

and the oldest in point of time. There is united in her the legal title to the property, and the ownership of the first of the judgments for the payment of which the statute declares the trust. She is both trustee and *cestui que trust.* Her position as a creditor is not recognized by the judgment in this case, for the receiver is directed, from the proceeds of the sale of the property, to pay to plaintiffs their costs of this action, then the entire amount of their claims with interest, and to deposit the balance, if any, with the county treasurer, subject to the order of the court. The principle at the bottom of this decision must be either that Mrs. Chubb, for some reason, is not entitled to share at all in the proceeds of the sale or that the plaintiffs, by reason of the commencement of this action, have acquired, in equity, a right to the proceeds, prior and superior to that of the person holding both the title to the property and the older judgment. The learned counsel for the plaintiffs on the argument concedes certain rights to the defendant which are not expressed in the finding or judgment under review. He says that the innocence of the trustee personally of fraud simply avoids *a disability* as creditor to acquire a preference and enables her, as holder of the Morton judgment to enter the race on equal terms with other creditors, but that her innocence constitutes no affirmative merit for any purpose. This is a concession that, before this action was commenced, the Morton judgment occupied at least as favorable a position, with respect to the equitable assets represented by this property, as any other judgment. While admitting this he argues that these plaintiffs, by the exercise of that superior diligence in bringing this action, which is sometimes recognized in equity as a ground of preference, in the absence of other controlling circumstances, have acquired the prior right to the assets. We think that this contention cannot be sustained. The courts have apparently determined the priority of liens in this class of cases in accordance with the rule that prevails in analogous cases where the title and conveyance of the property sought to be reached in the action has proceeded directly from the fraudulent debtor himself. *Wood* v. *Robin-*

*son*, 22 N. Y. 564; *Murphey* v. *Briggs*, 89 id. 452.) In the case last cited the court, in explaining the judgment in *Wood* v. *Robinson*, said: "It appears that the plaintiff was a prior judgment creditor, *and hence he had a prior equity* which entitled him to a preference at the time of the conveyance to the wife of real estate paid for by the husband." In the case of *Ocean National Bank* v. *Olcott* (46 N. Y. 12), a judgment creditor sought to reach equitable assets of the debtor of this character, and CHURCH, Ch. J., said: "A trust results, not of the whole property, but only to satisfy the just claims of creditors: not of one creditor only, but of all creditors.   *   *   * Hence the fifty-second section was adopted which placed the property in the same relation to creditors as it would have been if the debtor himself had fraudulently transferred it." On a bill filed to reach real property fraudulently transferred by the debtor, the claims of several creditors are satisfied in the order of the priority of the judgment. (*Chautauqua Co. Bank* v. *Risley*, 19 N. Y. 369.)

But if the question was to be determined irrespective of authority and upon the general principles of equity which secures to a vigilant creditor the fruits of his diligence, by recognizing the priority of his lien, that rule was satisfied and such priority secured, by the union in Mrs. Chubb, of both the title to the assets and the prior judgment with all legal remedies for its collection exhausted. The argument for the plaintiffs admits that had she then brought an action to appropriate the property to the payment of the judgment she would have obtained the prior lien. But as she had the title to the property and was in possession and enjoyment of it, and at the same time the owner of the judgment such an action, which would be substantially a suit against herself, would seem to be an idle ceremony. On this state of facts she might well have assumed that a court of equity would refuse to disturb her title or possession until all of her just claims were paid, the title having come to her through the act of the person who was bound to pay her judgment, without any fraud on her part. She had nearly a year before

the plaintiff recovered their judgments, advanced her money to take up an existing judgment against her father and at least to the extent of the sum advanced, she replaced the money diverted by him from his creditors when he paid the consideration of the conveyance to her. She was at that moment in receipt of the rents and profits as owner, and I am unable to see why every right that she could ever assert as a creditor did not then attach to the land and the rents in her hands as completely as if, without any of these advantages, she had brought an action. This court has recognized the principle decided in *Lobstein* v. *Lehn* (120 Ill. 549), that the grantee of lands under a conveyance constructively but not actually fraudulent may hold the land as security for a debt honestly due him. (*Loos* v. *Wilkinson*, 113 N. Y. 491.)

We are not aware of any rule that would justify junior judgment creditors in disturbing the title or possession of the defendant as to this property, without first paying or offering to pay her judgment. The filing of a bill by her to reach the property could not, in equity, place her in any stronger position. If the property in question had been conveyed by Beals to Morton, by direction of the debtor, under the same circumstances and with like intent on the part of the debtor, before the assignment of the judgment to Mrs. Chubb, equity would treat his lien as paramount and his assignee, without fraud, has succeeded to all of his rights at law or in equity. For these reasons the judgment of the General and Special Term should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.