## COOPER v. BAILEY.

(Supreme Court, Appellate Division, Second Department. February 15, 1902.)

1. EXECUTION—ISSUANCE—ELECTION OF REMEDIES.

A judgment creditor, by applying to the court for leave to issue execution, supposing that no prior execution had been issued, and that therefore such application was necessary, under Code Civ. Proc. § 1377, does not make an election of remedies, depriving him of the right to issue execution without leave, on finding that prior execution had been seasonably issued.

2. SAME—CONTEMPT OF COURT.

Issuance of execution without leave of court, or notice to the receiver appointed in supplementary proceedings, at the instance of another plaintiff, after entry of execution plaintiff's judgment, is not a contempt of court.

Appeal from special term.

Action by Charles Cooper against William Trist Bailey. From order denying defendant's motion to set aside execution, he appeals. Affirmed.

The plaintiff has a judgment against the defendant of March 5, 1892, for $4,980, which has not been paid. At the time the judgment was recovered, the property of the defendant was incumbered by mortgages. Foreclosure suits were begun in April, 1892, which are still pending. This plaintiff was made a party thereto. In June, 1901, the plaintiff, upon notice to the defendant, asked leave of the court to issue execution on his judgment. At such time the plaintiff was ignorant that execution had been issued upon his judgment within five years after the entry thereof, but this was stated in the papers read by the defendant on the motion, and was thereafter found by the defendant to be the fact. The special term denied the motion, with leave to renew upon further papers. Upon being advised by his counsel that he had the right to issue a second execution without leave of the court, the plaintiff issued it on June 28, 1901, and the sheriff advertised the defendant's equity in certain realty for sale. The defendant thereupon moved at special term to set aside such execution, and to stay the plaintiff from issuing any execution on said judgment. The plaintiff deposes that the reason of his ignorance of the issue of the first execution was due to the fact that his action was not in charge of his personal attorneys, but was conducted by the attorneys for the bank, which had discounted the note given by the defendant to the plaintiff, which note was the basis of the action resulting in his judgment. The special term (Mr. Justice MADDOX presiding) denied the motion, and the defendant appeals.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Flamen B. Candler (Egerton L. Winthrop, on the brief), for appellant.

John C. McGuire, for respondent.

JENKS, J. I think that the order should be affirmed. The plaintiff could issue execution at any time within five years after the entry of judgment. Section 1375, Code Civ. Proc. But after five years, issue of execution was prohibited, without an order of leave made by the court, unless during that period an execution had been

issued, and returned wholly or partly unsatisfied or unexecuted.
Section 1377, Id. As it appears in this case that such execution had.
been issued within the said five years, the issue of the second ex-
ecution was the legal right of the plaintiff, and no application to the
court was necessary. Wade v. De Leyer, 40 N. Y. Super. Ct. 541
(appeal dismissed 63 N. Y. 318); Field v. Paulding, 3 Abb. Prac.
139; Wilgus v. Bloodgood, 33 How. Prac. 290; Van Rensselaer v.
Wright, 121 N. Y. 626, 630, 25 N. E. 3.

I think that the application to the court for leave was not an elec-
tion of inconsistent remedies, as argued by the learned counsel for
the appellant. The plaintiff sought to issue execution, and his per-
sonal attorneys, unaware of the issue of any previous execution,
applied to the court for leave, supposing that they were required
to do so by section 1377. It was thereafter ascertained that, as
plaintiff was within the exception of that statute, he could issue such
execution as matter of right. The steps taken were merely in the
procedure supposed to be necessary to enforce the same remedy,
—that of execution.

It appears by defendant's affidavit that "several years ago" a re-
ceiver in supplemental proceedings brought against deponent's prop-
erty was appointed, who collected moneys; that a reference in his
accounting was pending; that certain successors of said receiver
were appointed; and that no notice of any intention to issue execu-
tion was ever given to such receivers. The point is made that the
issuance of said execution without such notice and without leave of
court was a contempt, and authorities are cited to the effect that an
attempt to deprive an officer of the court of property in his posses-
sion is a willful contempt. It is to be noted that it nowhere appears.
that such receiver was appointed prior to the entry of plaintiff's.
judgment. Such receiver and his successors simply stood in the
place of the plaintiff in the action, at whose instance he was ap-
pointed. Kennedy v. Thorp, 51 N. Y. 174. In Bank v. Bussing,.
147 N. Y. 670, 42 N. E. 345, the court, per Bartlett, J., say:

"It must be constantly kept in mind that the receiver is appointed in pro-
ceedings supplementary to the execution, and takes no such absolute title
to real estate as would enable him to sell it when it is subject to the lien
of judgments, and can be sold under executions issued thereon in the man-
ner pointed out by statute, and subject to all rights of redemption. The
receiver's title to the real estate is a qualified one, in the nature of a se-
curity for the plaintiff in the judgment. It does not devest the debtor of
the legal title, but the latter's conveyance of the premises would be subject
to the claim of the receiver."

See, too, Brown v. Chubb, 135 N. Y. 174, 31 N. E. 1030; Mc-
Corkle v. Herrmann, 22 N. Y. St. Rep. 519, 5 N. Y. Supp. 881;.
Bunn v. Daly, 24 Hun, 526.

I can see no contempt in the procedure of the plaintiff. The stat-
ute gave him a positive right to issue this execution, provided he
had issued a previous execution; otherwise he must ask the leave
of the court. He sought a favor, not knowing that he had a right.
When he learned of his right, he proceeded upon it. He did not
require the favor, and did not press for it.

The order must be affirmed, with $10 costs and disbursements.
All concur.