## Clara E. Mason, Appellee, v. Ada S. Wedekind et al., Appellants.

## Gen. No. 14,529.

1. CREDITORS' BILLS—*what proof not essential to relief.* In order to attack conveyances as made in fraud of creditors it is not necessary that the complainant establish the insolvency of the grantor at the time of such conveyance. *Held,* in this case, that under the other findings of the decree it was sufficient if insolvency at the time of the attack upon such conveyance was established.

2. CREDITORS' BILLS—*what relief granted under general prayer.* A sale by a master, notwithstanding the prayer is that the sheriff be directed to sell, is justified under the prayer for general relief.

Bill in chancery. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed June 8, 1909.

**Statement by the Court.**  This is an appeal from a decree of the Superior Court of Cook county, sitting in chancery, entered January 14, 1908.  The decree found that the complainant, Clara E. Mason, recovered a judgment in the Superior Court of Cook county on May 24, 1906, against Ada S. Wedekind, which judgment now amounted with interest and costs to $901.07; that said judgment was recovered in a suit at law wherein an attachment in aid had issued and been levied on lot 39 in block 6 in Baxter's subdivision of the southwest quarter of the southeast quarter of section twenty (20), township forty (40) north, range fourteen (14) east of the third principal meridian; that a special execution issued on said judgment on May 28, 1906, which on May 29, 1906, was delivered to the sheriff and by him levied on said real estate; that said execution was still in the hands of the sheriff unsatisfied; that prior to the rendition of said judgment, on February 16, 1906, by deed dated December 1, 1905, Ada S. Wedekind made a pretended conveyance of said real estate to one James E. Rich, and that said James E. Rich on February 16, 1906, by a warranty deed dated December 1, 1905, conveyed said premises to Charles S. Tagney; that the indebtedness on which the said judgment was rendered accrued about November 4, 1897; that the conveyances from Ada S. Wedekind to James E. Rich and from Rich to Charles S. Tagney were not real, but were mere shams and made with the intention of defrauding complainant out of her just demands; that no consideration was paid by Rich to Ada S. Wedekind or by Tagney to Rich or Wedekind for the said conveyances or either of them; that the said premises are now held by said Charles S. Tagney in trust for the said Ada S. Wedekind, and for her use and benefit; that by the said conveyance made by her, said Ada S. Wedekind rendered herself insolvent; that upon the said judgment there is now actually and equitably due the complainant, Clara E. Mason, the sum of $901.07.

The decree then ordered, adjudged and decreed that the said conveyances from Ada S. Wedekind to James E. Rich, dated December 1, 1905 (recorded February 16, 1906), and from James E. Rich to Charles S. Tagney of the same date, purporting to convey said real estate, be declared null and void as to the said complainant Mason, and set aside as fraudulent as to her, and that the complainant have a lien on said real estate for $901.07, together with all the costs of the suit.

It also ordered that unless the defendant, Ada S. Wedekind, or some of the defendants, within two days from the date of the decree paid to the complainant $901.07 with interest, and paid to the officers of the court the taxed costs in the cause, the premises hereinbefore described, or so much thereof as might be necessary to pay the amount so found to be due the complainant, with interest thereon, and the costs aforesaid, and which might be sold separately without material injury to the parties in interest, should be sold at public vendue to the highest and best bidder for cash, by James V. O'Donnell, master in chancery of the court, at the judicial salesrooms, etc.

Besides the usual orders about notice of the sale and future redemption, etc., the decree contained directions that "the master, out of the proceeds of the sale, should retain his fees, disbursements and commissions, and pay to the officers of the court their costs in the cause, and out of the remainder pay to the complainant the amount by the decree found to be due her, with interest thereon at the rate of five per cent per annum, from the date of this decree to the date of such sale.

The decree closed with this paragraph:

"And it appearing to the court from said master's report and his certificate attached thereto that said master is entitled to the sum of $56.25 as and for his statutory fees for taking testimony as provided by law, and that the reasonable fee of said master for his other services in and about the said reference and

the said report is the sum of one hundred dollars;
It is therefore ordered by the court that the said sum
of $156.25 be and the same is hereby taxed as a part
of the costs of this cause.''

Besides attacking the other findings of the chancel-
lor in the Superior Court somewhat generally, there
is especial objection made in the assignments of error
in this court, to the finding that Ada S. Wedekind by
the conveyance of said premises rendered herself in-
solvent, on the ground that ''it appears conclusively
in complainant's testimony that she was solvent on the
day said conveyances were recorded, and had then in
the bank a sum of money more than double the amount
of the complainant's demand.''

It is also especially urged that the Superior Court
erred in not finding that the property in question was
the absolute property in fee simple of the defendant
Tagney, and that the same was inherited by him from
his father.

The assignments of error include these:

''Eleventh. The court erred in decreeing that in
default'' (of the payment ordered) ''the premises in
question may be sold to the highest and best bidder by
Master in Chancery James V. O'Donnell at public auc-
tion after giving the usual notice, etc. Whereas the
prayer in said bill specifically prayed for the setting
aside of said conveyance in aid of the execution de-
scribed therein, which is the only relief that should
have been decreed, if any, to the complainant.

''Fifteenth. The court erred in finding that said
master is entitled to the sum of fifty dollars and
twenty-five cents ($50.25) for his statutory fees for
taking testimony; also that the reasonable fees for
said master for his other services in and about the
said reference and the said report is the sum of one
hundred dollars, and decreeing that the same be taxed
as a part of the costs in this case when no evidence
taken or any law offered authorizing said charge or
charges, and the same being contrary to the law.
(Sic.)''

Mason v. Wedekind, 150 Ill. App. 33.

EDWARD U. FLIEHMANN, for appellant.

MASON & WYMAN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

It is unnecessary and undesirable in this opinion to discuss the evidence which justified the master in recommending and the court in entering the decree in this cause. It is plain to us from reading it, that Mrs. Ada Wedekind being the owner in fee simple of the premises described in the decree, the title to which she had obtained through a valid sale ordered by the Probate Court, and being threatened with suit on a note which she did not wish to pay, conveyed the said premises (through an intermediate party) to her son, Charles Tagney, to take them out of the operation of a judgment and execution if they should be obtained.

The testimony of the defendants Wedekind and Tagney, by which their theory of the case appeared, was inconsistent, vague and indefinite and by no means overcame the inferences which could legitimately be drawn from the admissions and the circumstances which were also proven by them. In other words, despite that part of the testimony of the defendants which was adverse to the complainant, the complainant principally proved her case by the defendants themselves, in connection with the documentary proof offered. We think the evidence sustains the decree.

As for the insolvency of Mrs. Wedekind when the transfer complained of was made, which it is said was not proven, it was not necessary to prove it in order to attack the conveyance. Keller v. Whitledge, 38 Ill. App. 310; Lobstein v. Lehn, 120 Ill. 549.

It would have been sufficient, under the other findings of the decree, to have found that Mrs. Wedekind was insolvent when the attack was made.

But, moreover, the fact that Mrs. Wedekind had a deposit in the Savings Bank for three days (including a half and a whole holiday) after making the con-

veyance, could not in any event be used to defeat this decree. The almost synchronous withdrawal of the deposit was indeed a strong circumstance in itself tending to prove the conveyance fraudulent.

The form of the decree providing that the property should be sold by the master, although the special prayer of the bill asks that after the conveyance is set aside, "the sheriff of Cook county be directed to advertise and sell the said premises for the payment and satisfaction of the judgment, interest and costs" in the bill described, is justified under the prayer for general relief by the authority of Illinois precedents.

The doctrine of the early case of Farnsworth v. Strasler, 12 Ill. 483, and of the later one of Davidson v. Burke, 143 Ill. 139, taken together, settles the right of the chancellor in his discretion to make the order about the sale which he did make under the prayer for general relief. It had the advantage of including the costs of the later proceeding in the amount for which the sale was to be made.

We see no ground for questioning in this court on this record the amount of the master's fees provided for.

The decree of the Superior Court is affirmed.

*Affirmed.*