ADDIE M. BOND, Appellant, v. WARREN COUNTY STATE BANK
OF INDIANOLA, Appellee.

**FRAUDULENT CONVEYANCES:**   Remedies of Creditors—Effect of
Securing Lien.  A creditor who has his claim decreed a lien on land
voluntarily transferred by the debtor for an inadequate price, but
subject to the amount actually paid by the transferee, does not, by
operation of law, become personally obligated to pay said superior
lien.

Headnote 1:   27 C. J. p. 860 (Anno.)

*Appeal from Madison District Court.*—W. G. VANDER PLOEG,
Judge.

FEBRUARY 9, 1926.

REHEARING DENIED MAY 11, 1926.

THE case is stated in the opinion.—*Affirmed.*

*John A. & W. T. Guiher,* for appellant.

*A. V. Proudfoot* and *F. H. Gaines,* for appellee.

STEVENS, J.—On February 23, 1921, H. M. Bond con-
veyed a tract of land owned by him in Warren County, Iowa,
to Addie M. Bond, his wife, appellant herein, subject to a
first mortgage of $11,000, a second mortgage of $1,500, and
drainage taxes amounting to $3,180.  Thereafter, and on March
30, 1921, the Warren County State Bank, appellee, obtained a
judgment against H. M. Bond for $8,556.66.  After the above
judgment was entered, the Warren County State Bank com-
menced an action in equity, in the nature of a creditor's bill,
to subject the land to execution, alleging that the conveyance
from H. M. to Addie M. Bond was voluntary, without con-
sideration, and for the purpose of hindering, delaying, and de-
frauding his creditors.  A trial was had upon the issues joined
in this action, and a decree was entered by the court, in which
there was a finding that, at the time of the conveyance, H. M.
Bond was indebted to appellant in the sum of $6,200, and also
that the consideration was inadequate, and that the value of the

land, exclusive of the homestead, exceeded the total amount of the incumbrances, together with the amount due appellant at the time the deed was executed; and a decree was entered establishing the judgment of the bank as a lien upon the property, subject to all of the above claims, exclusive of the homestead, and awarding special execution for the sale thereof. Special execution was not to issue, however, until sixty days after the homestead was selected and platted. The homestead was, within the time fixed by the decree, selected and platted; and within sixty days thereafter, special execution was issued, and the land sold at sheriff's sale to the bank, to which a sheriff's deed was later executed. Thereafter, the bank, appellee herein, leased to appellant the 230-acre tract, for which it held a sheriff's deed.

This action was commenced on August 23, 1924, against the Warren County State Bank, to have appellant's claim established as a lien on the land, and for the appointment of a referee to make sale thereof, for the purpose of paying or satisfying her claim of $6,200, with accumulated interest, and all prior incumbrances. She also asked judgment against appellee for such portion of her claim, if any, as could not be satisfied out of the proceeds of the sale of the land by the referee. Appellee answered, admitting substantially all the allegations of the petition, but denied that it was liable for the payment of any portion of appellant's claim.

During the trial, appellee specifically disclaimed the rent allowed by its lease with appellant, and, in effect, admitted that the sheriff's deed conveyed no title to the bank. The decree entered in this case gave appellee until February 1, 1925, to pay appellant's claim, which then amounted to $8,979.11, in full, and provided that, if such payment was not made on or before said date, the lease would be canceled, the sheriff's deed set aside and held for naught, and title to the premises quieted in appellant. In all other respects, the relief sought by appellant was denied. Appellant has appealed from the finding and decree of the court only in so far as the court refused to enter judgment against the bank in her favor for the amount of her claim.

The contention of appellant that she is entitled to a per-

sonal judgment against appellee for the amount found by the court to have been due her from her husband, which constituted the consideration for the conveyance of the farm to her, is based upon the decree entered in the action to set aside the deed and to subject the property to execution, and upon the law implied therefrom. The question is a somewhat novel one.

Appellant does not rely upon an agreement by appellee, express or implied, to pay her claim, nor upon a provision in the decree to that effect, as a condition precedent to the sale of the premises on special execution, but contends that appellee is bound as a matter of law to make such payment. The theory here advanced, as we understand it, is that the legal title to the property vested in appellant by the deed from her husband, and remained in her, subject to whatever right appellee had to sell the premises on special execution, and that her right of possession and ownership of the land could not be disturbed or interfered with by execution and sale at the instance of appellee, without appellee's first paying or offering to pay appellant's claim in full.

There is considerable diversity of opinion as to what becomes of the legal title upon a decree subjecting the property to the payment of judgments in favor of existing creditors or subsequent creditors entitled to have a lien established thereon. The court below found that the conveyance was not made for the purpose of hindering, delaying, and defrauding creditors, but for a valid, although inadequate, consideration.

It appears to be the law of this state that a conveyance of real property fraudulent as to creditors passes title to the grantee, which he retains subject to the lien established thereon in favor of creditors. *Huntington, Wadsworth & Parks v. Jewett, Tibbetts & Co.*, 25 Iowa 249; *Fordyce v. Hicks*, 76 Iowa 41; *Parker v. Parker*, 56 Iowa 111; *Teabout v. Jaffray & Co.*, 74 Iowa 28; *Howland v. Knox*, 59 Iowa 46; *Holliday v. Holliday*, 10 Iowa 200.

See, also, *Brasie v. Minneapolis Brew. Co.*, 87 Minn. 456 (67 L. R. A. 865, and note at page 891).

If we assume, as was apparently held in *Brown v. Chubb*, 135 N. Y. 174 (31 N. E. 1030), that the land, under the facts recited, could not be sold at sheriff's sale, at the instance of

appellee, on special execution, until appellee repaid or offered to repay to appellant the consideration with which she parted for the deed, then a sale attempted without such repayment, or offer to repay, would be, at most, voidable, and at the election of the original grantee might be enjoined, or, if consummated, set aside. This rule leaves it optional with the judgment creditor to say whether he will elect to pay or offer to pay the original grantee the consideration due him, or abandon the lien. He certainly could not, by merely having his judgment established as a lien upon the property so conveyed, become personally liable to the grantee for the repayment to him of the consideration paid therefor. The text cited by appellant from 2 Pomeroy's Equity Jurisprudence, Section 953, is not applicable to the present case. The rules there announced apply only to expectant heirs, reversioners, and the holders of other expectant interests. Such is the language of the text. The decree in the action to subject the property to execution merely established the judgment as a lien upon the land, subject to prior incumbrances, including the claim of appellant.

Appellee has not appealed, and concedes that title and possession to the land in appellant were not affected by the sheriff's sale, and that the deed executed by the sheriff to the bank conveyed no title to it. Appellant is, therefore, in the same position that she was before the action to subject the property to the lien of appellee's judgment was commenced. She has been awarded full equitable relief. We know of no principle of law or equity upon which appellee may, upon the matters shown by the record, be held liable to a personal judgment in favor of appellant for the amount demanded by her. As having some bearing upon the questions here discussed, see *Crowley v. Brower*, 201 Iowa 257.

The decree of the court below is—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.