[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 507 
The purchase price of the land in question was due and payable on the conveyance of the land to the defendant Corey, and as this action was not commenced until more than six years after the conveyance, and as no promise to pay was shown to have been made within six years, the statute of limitations would have been a complete bar to an action at law to recover the purchase price. (2 R.S., 295, § 18.)
This action, however, was one of equitable cognizance. At the time of the commencement of the action, the relief sought to be obtained in the manner applied for, that is, by a sale of the premises under the equitable lien thereon for the purchase price, could have been awarded by a court of equity only.
An action at law, if commenced at any time within six years after the conveyance, could have been maintained against the defendant Corey, in which a judgment against him personally would have been rendered. The object of *Page 508 
such an action, and the relief sought for therein, would have been the recovery of the unpaid purchase price of the land The same relief, and no other or different, is sought to be obtained in this action, and a court of equity was resorted to solely for the reason that courts of common law jurisdiction could not award relief otherwise than by a judgment against the defendant personally. The same facts which would constitute a defence to the action at law would also be a defence to this action, unless the statute of limitations be an exception.
So, too, the cause of action, to wit, the non-payment of the purchase price of the land, is the same, whichever court is resorted to.
It is true that, to sustain the suit in equity, the plaintiff must bring to his aid the equitable lien given by law, while the action at law can be sustained without reference to such lien. But the lien is merely an incident to, and must stand or fall with the debt. The debt is the basis or foundation of the lien. The latter cannot exist without, or independently of the former. In the suit to enforce the lien the cause of action, and the only substantial cause of action, is the debt.
The forty-ninth section of the title of the Revised Statutes entitled, "Of the time of commencing actions" (2 R.S., 301), provides, that "whenever there is a concurrent jurisdiction in the courts of common law and in courts of equity, of any causeof action, the provisions of this title, limiting a time for the commencement of a suit for such cause of action, in a court of common law, shall apply to all suits hereafter to be brought forthe same cause in the Court of Chancery."
I do not see why this case does not come within the letter of the above provision. It certainly does, if I am right in supposing that the defendant's indebtedness for the purchase price of the land constitutes, in the language of the statute, the plaintiff's "cause of action." *Page 509 
It is claimed by the plaintiff's counsel that if the language of the forty-ninth section is sufficiently broad to include this case, the fiftieth section excepts it therefrom. This section provides that "the last" (§ 49) "section shall not extend to suits, over the subject matter of which a court of equity has peculiar and exclusive jurisdiction, and which subject matter
is not cognizable in the courts of common law."
The term "subject matter" of suits, as used in this section, is synonymous with the term "cause of action," contained in the preceding forty-ninth section. No other definition can be given to the phrase, as applicable to this case. It is said that "the subject matter" of this suit is the equitable lien, of which a court of law cannot take cognizance; while, if a suit at law had been brought to recover the purchase price of the land, "the subject matter" of the action would have been the debt. But, as before shown, the lien is a mere incident to the debt, being given solely to secure its payment. If the lien can be said to be, in any sense, the "subject matter" of this action, it is so merely as incidental to the debt, the latter being the principal and fundamental "subject matter" of the suit, as much so as it would be of an action at law to recover the debt. I do not think that the fiftieth section excepts this case from the operation of the previous section.
Prior to the Revised Statutes, there was no statute in this state limiting the time for commencing actions in courts of equity. Yet, previously to the adoption of those Statutes, it was frequently held that, in cases where there was a concurrent jurisdiction at law and in equity, time was as absolute a defence to the action in equity as to one at law; not on the ground of expediency, or as a matter of discretion founded on analogy to the statute of limitations, as was the case in some actions of purely equitable cognizance, but in obedience to the statute. (Rosevelt v. Mark, 6 John. Ch. R., 266; Kane v.Bloodgood, 7 id., 90; Murray v. Coster, 20 John., *Page 510 
576; Sawyer v. De Meyer, 2 Paige, 574; Humber v. TrinityChurch, 7 id., 195; 24 Wend., 587; Story's Eq., § 529.)
I think this case comes within the principle established by the above authorities, and that, independently of the statutory provision limiting the time of commencing actions in courts of equity, it should be held that the six years' limitation to actions at law constitutes a defence to this action. The provision of the Revised Statutes, limiting the time of commencing actions in courts of equity, was adopted as declaratory of the law as it then existed, and not as introducing a new rule. (3 R.S., 705, revisers' notes.).
It would be an anomaly if the plaintiff could recover his debt by an action to enforce the lien given to secure the debt, when no action could be sustained to recover the debt directly without reference to the lien. There is no reason why the limitation should be applicable in the one case and not in the other.
It has, however, been held that, where a mortgage was given to secure the payment of a simple contract debt, the statute limiting the time for commencing actions for the recovery of such debts was no bar to an action to foreclose the mortgage. (Balch
v. Onion, 4 Cush., 559; Thayer v. Mann, 19 Pick., 535;Elkin v. Edwards, 8 Geo., 325; Heyer v. Pruyn, 7Paige, 465.)
But there is a material distinction between a mortgage and the equitable lien for the purchase price of land given by law, and also between an action to foreclose a mortgage and one to enforce such a lien. The action to foreclose a mortgage is brought upon an instrument under seal, which acknowledges the existence of the debt to secure which the mortgage is given; and, by reason of the seal, the debt is not presumed to have been paid until the expiration of twenty years after it becomes due and payable. The six years' limitation has no application to a mortgage. In fact, all instruments under seal are expressly excepted therefrom. No action at law can be predicated upon the mortgage, to *Page 511 
collect the debt secured thereby, unless there is contained therein a covenant to pay the debt. A debt secured by deed is said to be of a higher nature than one by simple contract.
On the contrary, the equitable lien is neither created or evidenced by deed, but arises by operation of law, and is of no higher nature than the debt which it secures. It must coexist with the debt and cannot survive it.
It is true, as claimed by the plaintiff's counsel, that the statute of limitations does not extinguish the debt; it only bars the remedy. But the remedy by action at law is no less barred than that by suit in equity to enforce the lien.
The Mayor, c., of New-York v. Colgate (2 Kern., 140) is relied upon by the plaintiff as an authority sustaining his position. That was an action for the collection of an assessment to defray the expenses of improving a street in the city of New-York, under and by virtue of a lien upon certain lands in the city deemed to be benefited by the improvement, and upon which the assessment was made. The action was not commenced until more than six years after the assessment was made, and had become due and payable, and the six years' limitation was set up as a defence to the action.
The statute authorizing the assessment, and prescribing the remedies for its collection, provided that the sums thus assessed should be a lien or charge upon the houses and lots in respect to which the assessment was made, and might be sued for and recovered with costs, in like manner as if such houses and lots were mortgaged to the corporation for the payment thereof. The assessment was thus made, in effect, a mortgage with all its incidents, one of which was, that payment was not to be presumed until the expiration of twenty years; and it was upon that ground that Judge DENIO held that the six years' limitation did not apply, while Chief Judge GARDINER based his opinion on the ground that the assessment was in the nature of a judgment. *Page 512 
In either view, the case is distinguishable from the one under consideration.
I think the judgment should be affirmed.
DENIO, C.J., delivered an opinion for affirmance upon substantially the same grounds as those stated by BOWEN, J.
All the judges except BROWN, J. (who did not vote) concurring in this opinion,
Judgment affirmed.