THE FANEUIL HALL NATIONAL BANK, Plaintiff, *v.* JOHN BUS-SING, Impleaded, etc., Defendant.

JOHN H. ROGAN, Receiver, etc., Respondent; WILLIAM D. BECK, Appellant.

1. SUPPLEMENTARY PROCEEDINGS — TITLE OF RECEIVER TO REAL ESTATE — CODE OF CIVIL PROCEDURE, § 2468. A receiver appointed in proceedings supplementary to execution acquires no title to real estate situated in another county by filing the order appointing him or a certified copy thereof in such county as provided by the Code of Civil Procedure (§ 2468), unless the judgment creditor has obtained a lien thereon by docketing the judgment in such county and has exhausted his legal remedy by execution against the property.

2. CONVEYANCE BY JUDGMENT DEBTOR. A conveyance made by a judgment debtor of real estate situated in another county than that in which a receiver in supplementary proceedings against him has been appointed, after the order appointing the receiver has been filed in such county, will vest a good title in the grantee as against the receiver, unless the judgment has been docketed in that county.

3. ORDER FOR RECEIVER TO SELL — MOTION TO VACATE. If a receiver appointed in supplementary proceedings is ordered by the court to sell property which has been conveyed by the judgment debtor, situated in another county, in which a copy of the order appointing the receiver has been filed, but in which the judgment has not been docketed nor execution issued, the judgment debtor's grantee or his successor in title may move to vacate the order although not a party to the action in which the judgment was recovered.

4. LAPSE OF LEGAL REMEDY. When a judgment creditor suffers his remedy at law against the realty of the judgment debtor to lapse by failing to docket the judgment in the county in which the realty is situated and issuing execution thereon, within ten years after the filing of the judgment roll (Code Civ. Pro. § 1251), his equitable remedies in respect to such realty are also cut off.

5. MOTION — COLLATERAL ATTACK ON DEED.  A deed of a judgment debtor's realty, and a partition suit based thereon, cannot be collaterally attacked on a motion made by a person claiming under such deed and suit, to set aside an order, directing a receiver appointed in supplementary proceedings in another county to sell the realty, on the ground that the judgment creditor had not docketed his judgment in the county where the realty was situated and issued execution thereon.

Mem. of decision below, 84 Hun, 615.

(Argued November 25, 1895; decided December 10, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made April 11, 1895, which affirmed an order of the court at Special Term denying a motion made by one William D. Beck, the appellant, who was not a party to the action, to set aside an order granted at Special Term directing a receiver in supplementary proceedings of the property of the defendant, John Bussing, the judgment debtor of the plaintiff, to sell certain real estate of which the appellant was then the owner.

The facts, so far as material, are stated in the opinion.

*Isaac H. Maynard* for appellant.  The order authorizing and directing the receiver to sell the real property in question of which the judgment debtor was seized of an unincumbered title in fee at the time of the appointment of the receiver, was made without authority of law, for the reason that such property being subject to the lien of the judgments under which the receiver was appointed, and liable to be sold on execution upon the judgments, could not be taken summarily by the receiver, even by order of the court, and sold, and the proceeds applied in payment of a judgment recovered eighteen years previously, and which, at the expiration of ten years, ceased to be a lien upon or bind the real property, the title of the judgment debtor having meanwhile become vested in the appellant.  (*F. N. Bank* v. *Martin,* 49 Hun, 571 ; *Bunn* v. *Daly,* 24 Hun, 526 ; *In re Inglehart,* 1 Sheld. 514 ; *A. C. N. Bank* v. *Gaynor,* 67 How. Pr. 421 ; *Pfluger* v. *Cornell,* 2 C. C. Rep. 145 ; *Tinkey* v. *Langdon,* 13 Wkly. Dig. 385 ; *V. M. Co.* v. *Wilkes,* 30 N. Y. Supp. 381 ; *Goodman* v.

*Stiles,* 90 N. Y. 199; *Moore* v. *Duffy,* 74 Hun, 78.) The receiver in supplementary proceedings can have no greater authority over the real property of the judgment debtor than that conferred by law upon the receiver under a judgment obtained by the same creditor in a judgment creditor's action. (*Driggs* v. *Williams,* 15 Abb. Pr. 477; *Duffy* v. *Dawson,* 2 Misc. Rep. 601; *Allen* v. *Starring,* 26 How. Pr. 57; *Lynch* v. *Johnson,* 48 N. Y. 33; Code Civ. Pro. §§ 1871–1879; *Congden* v. *Lee,* 3 Edw. Ch. 304.) The judgment having ceased to be a lien upon this real property, and the right to issue execution and enforce the collection of the judgment out of this property being barred by the provisions of the Code, and the title of the judgment debtor having become vested in the appellant, the court had no authority to order the appellant's property to be sold to satisfy the judgment debt. (Code Civ. Pro. §§ 414, 1251, 1252; *In re Harmon,* 79 Hun, 226; *Borst* v. *Corey,* 15 N. Y. 505; *Rundle* v. *Allison,* 34 N. Y. 180; *In re Neilly,* 94 N. Y. 382; *De Pew* v. *Dewey,* 2 T. & C. 515; 56 N. Y. 67: *I. & T. N. Bank* v. *Quackenbush,* 143 N. Y. 567.) The appellant's standing as the grantee of the judgment debtor's title was sufficiently established to entitle him to make the motion, and it is not affected by the claim made in the respondent's papers that Benjamin Valentine never accepted of the deed from the executrix of the judgment debtor, and never instituted or authorized the institution of the partition action. (*Moore* v. *Duffy,* 74 Hun, 78; *Du Bois* v. *Cassidy,* 75 N. Y. 298; *A. Ins. Co.* v. *Oakley,* 9 Paige, 486; *Watrous* v. *Kearney,* 11 Hun, 584; *Vilas* v. *P. & M. R. R. Co.,* 123 N. Y. 440; *Wing* v. *Rionda,* 125 N. Y. 678.)

*Frederick Smyth* for respondent. The appellant Beck has no standing in court to move to vacate the orders made herein. The judgment debtor is the only person who can avail himself of any irregularity in the appointment of a receiver, but in the case at bar no irregularity exists. (*Underwood* v. *Sutcliffe,* 10 Hun, 453; 77 N. Y. 58; *Powell* v.

*Waldron*, 89 N. Y. 328 ; *Wright* v. *Nostrand*, 94 N. Y. 31 ; *Darrow* v. *Riley*, 5 Misc. Rep. 363 ; *Stanley* v. *U. N. Bank*, 115 N. Y. 122.) The title of the judgment debtor to the real property in question vested in the receiver on the 24th day of November, 1876, upon the recording of the order of the receivership in the office of the clerk of Westchester county, under section 298 of the Code of Procedure and the corresponding section (2468) of the Code of Civil Procedure. (*Nicoll* v. *Boyd*, 90 N. Y. 516 ; *Du Bois* v. *Cassidy*, 75 N. Y. 298 ; *Sayles* v. *Naylor*, 5 N. Y. S. R. 816 ; *Kimball* v. *Burrill*, 14 N. Y. S. R. 536 ; *Webb* v. *Osborne*, 27 N. Y. S. R. 792 ; *Fredericks* v. *Niver*, 28 Hun, 417 ; *V. M. Co.* v. *Wilkes*, 30 N. Y. Supp. 381.) Where all the parties are before the court, and the sale is to be made pursuant to its decree and by an officer appointed by it for that purpose, the right of redemption will not be allowed, except by command of the statutes. (*Crisfield* v. *Murdock*, 38 N. Y. S. R. 828.) The notice to creditors in the action of *Valentine* v. *Valentine*, to which the receiver was not a party, was a delusion and insufficient to bar the receiver's title to the real property. Such publication bars general liens only, and the receiver's specific title is not affected by it. (*Doremus* v. *Doremus*, 66 Hun, 111.)

BARTLETT, J. On the 5th of April, 1876, the plaintiff recovered two judgments against the defendant, John Bussing, aggregating $2,400. On the 8th of July, 1876, the First National Bank of Port Chester also recovered a judgment against the defendant for $829.30.

A receiver was appointed in supplementary proceedings under all the judgments in the city and county of New York and the orders filed and recorded in Westchester county in the autumn of 1876.

At that time the judgment debtor owned a quarter interest in fourteen and a half acres of land at Rye Beach in Westchester county.

John Bussing, the judgment debtor, died January 8th, 1877,

leaving a will and making his wife executrix with full power to sell his real estate, and in pursuance thereof she conveyed testator's interest in the Rye Beach property to her brother, Ebenezer Valentine, but the deed was not recorded until February 10th, 1885.

Prior to 1884, William D. Beck, the appellant, had become the owner of the Rye Beach property with the exception of the judgment debtor's interest, and during that year Valentine, the grantee of Bussing's share of the property, commenced an action in partition against Beck, which proceeded to judgment and sale, and Beck, the appellant, purchased the entire property.

For about ten years thereafter Beck remained in undisturbed possession until motion was made in the spring of 1894 for an order requiring the receiver in supplementary proceedings to sell the right, title and interest of the judgment debtor, Bussing, in the property. This order was granted and Beck moved to vacate it, to set aside the receivership and for other relief; this motion was denied without opinion in the court below either at Special or General Term, and the correctness of that decision is now to be considered.

It is to be remarked that Amanda Bussing, the executrix of the judgment debtor, consented to the order of sale notwithstanding the fact that eighteen years before she had conveyed to the grantor of the appellant the judgment debtor's interest in the Rye Beach property.

It also appears that the original receiver in supplementary proceedings, appointed in 1876, was discharged without notice to any one March 20th, 1894, and John H. Rogan, the present receiver, was appointed in his place, gave bond and entered upon the discharge of his duties. The material facts are not disputed. The position of the present receiver is that filing and recording in Westchester county, in the autumn of 1876, the orders appointing the original receiver vested in the latter the legal title of the judgment debtor, and that the subsequent sale by the executrix of the judgment debtor of his interest in the property to Valentine was a nullity; that the legal title

passed from the original receiver to the present receiver by virtue of the order of March 20th, 1894, to which reference has already been made.

We think this position is unsound and arises from a failure to apprehend the proper functions of a receiver appointed in proceedings supplementary to the execution.

It is true the Code of Civil Procedure (§ 2468) provides that on filing the order appointing the receiver, or a certified copy, in the county where the property is situated, the real property is vested in the receiver. This section, however, is to be read and construed in connection with the other provisions of the statute and cannot be taken literally.

It must be constantly kept in mind that the receiver is appointed in proceedings supplementary to the execution and takes no such absolute title to real estate as would enable him to sell it when it is subject to the lien of judgments and can be sold under executions issued thereon in the manner pointed out by statute and subject to all rights of redemption. The receiver's title to the real estate is a qualified one in the nature of a security for the plaintiff in the judgment; it does not divest the debtor of the legal title, but the latter's conveyance of the premises would be subject to the claim of the receiver.

The proceedings supplementary to the execution, as provided by the Code of Civil Procedure, are a substitute for the former creditors' bill in chancery and are a summary mode of ascertaining the judgment debtor's property interests of every kind. It is only when the remedy at law has been invoked and exhausted that the creditor may avail himself of those more effective remedies which are to be found in a court of equity.

Applying these principles to the situation presented in the case at bar when the original receiver was appointed in 1876, we find, so far as this record discloses, that the judgments of the two banks, under which supplementary proceedings were instituted in the city and county of New York, were not docketed in Westchester county; that no executions have

ever been issued to the sheriff of Westchester county; that no effort has been made to exhaust the remedy at law as to this property.

So far as relates to the Westchester real estate the judgment creditors did not require the aid of a receiver, or of a court of equity to sell the interest of the judgment debtor therein; it was only necessary to sell under execution at law in the manner provided by the statute.

It, therefore, follows that the supplementary proceedings instituted in the city and county of New York in 1876, and the filing of orders in Westchester county were ineffectual to vest in the receiver appointed therein any interest whatever in the Westchester real estate.

The issuing of executions to the sheriff of the city and county of New York, and the return thereof unsatisfied, did not tend in any way to show that the remedy at law had been exhausted as against the Westchester real estate.

This court has recently construed the Code of Civil Procedure (§ 2468) as to vesting the debtor's real property in a receiver appointed in supplementary proceedings. (*Importers and Traders' National Bank* v. *Quackenbush,* 143 N. Y. 567, and cases cited.) Judge O'BRIEN says: " But this provision cannot refer to real estate which is not bound by the lien of any judgment, or against which no execution has been issued upon which it could be sold. As to real estate so situated, the creditor does not need a receiver or any other equitable relief. A court of equity will never appoint a receiver for the purpose of doing for the creditor what he may do for himself."

Under the rule as thus laid down the conveyance made to Valentine by the executrix of the judgment debtor in 1878 of his interest in the Westchester real estate vested a good title free from the liens of the judgments of the two banks or of any claim of the receiver.

If we assume, for the argument's sake, that the judgments were docketed in Westchester county, they ceased to be liens after ten years from the filing of the judgment roll, so that

since 1886 the property has not been subject to execution and sale under the judgments. (Code, § 1251.) The appellant became the owner of the entire property in 1885 under the sale in partition.

It also appears that no liens were established before the referee in the partition action, although opportunity was duly afforded as provided by law.

The judgment creditors had, for ten years from the filing of the judgment rolls, an ample remedy at law against this property which they failed to invoke, and if they were damaged by the conveyance of the executrix of the judgment debtor to Valentine during that period, it was due to their failure to at once docket the judgments in Westchester county and proceed to sale thereunder.

Having suffered their remedy at law to lapse, all equitable remedies are also cut off. (*Borst* v. *Corey,* 15 N. Y. 505.) The attempt to break the force of the deed from the executrix to Valentine, and the partition suit based thereon, by the affidavit of Valentine, to the effect that he never accepted the deed and did not institute the partition action, must fail for two reasons, viz. : First, the collateral attack on the deed and partition suit cannot be entertained on this motion ; and, second, the affidavit is wholly discredited by the complaint verified by Valentine in an earlier partition suit relating to the same premises, but which did not proceed to judgment, wherein he alleges that he had an estate of inheritance in the property consisting of an undivided fourth interest.

We are of opinion that the appellant, as the grantee of the judgment debtor's title, had a standing in court, was entitled to make this motion, and that it should have been granted.

The orders of the Special and General Terms should be reversed, with costs to the appellant in all the courts, and the order entered at Special Term May 10th, 1894, authorizing and directing the receiver to sell the real property in question should be vacated.

All concur.

Ordered accordingly.