(41 Misc. Rep. 473.)

PECK et al. v. DISKEN.

(City Court of New York, Special Term. October, 1903.)

1. SUPPLEMENTARY PROCEEDINGS—LIMITATIONS.

After 10 years from the return of an execution, the right of the judgment creditor to examine a third party as to personalty of the judgment debtor in his hands is barred, and therefore an order appointing a receiver of such property will not be granted; Code Civ. Proc. § 2435, authorizing supplementary proceedings only within 10 years after the return of an execution unsatisfied.

Action by Joshua S. Peck and others against Martin Disken. Motion to vacate an order appointing a receiver. Granted.

Hector M. Hitchings, for the motion.
Francis Jordan, for judgment creditor.
Thomas E. Rush, for receiver.

SEABURY, J. This is a motion by the defendant to vacate an order appointing a receiver of his property. Two judgments, aggregating in amount $2,715.92, were recovered by the plaintiffs against the defendant on February 12, 1891. Executions upon these judgments were issued April 9, 1891, and were returned unsatisfied. No other action was taken until May 28, 1903, when a third party order was issued by a justice of this court directing Marie A. Herter and the Empire State Surety Company to appear for examination for the purpose of discovering property belonging to the defendant. The defendant was not served with any order in proceedings supplementary to execution, and no notice of the proceedings to examine witnesses was served or attempted to be served upon him. The ex-

¶ 1. See Execution, vol. 21, Cent. Dig. § 1099.

amination of these witnesses disclosed the fact that they were in-
debted to the defendant in the sum of $4,528.07. At the close of the
examination, and upon an affidavit of a clerk in the office of the attor-
ney for the plaintiff, containing loose and inconclusive statements
tending to show that the judgment debtor was evading service, an
order was signed appointing a receiver of the property of the judg-
ment debtor. This order was signed June 12, 1903.

The defendant moves to vacate the order appointing the receiver
upon several grounds, but particularly upon the ground that the pro-
ceedings supplementary to execution were instituted more than 10
years after the recovery of the judgments upon which they were
founded, and the return of executions thereon. If the proceedings
supplementary to execution were illegally instituted, it follows that
the order appointing the receiver must be vacated.

Section 2435 of the Code of Civil Procedure authorizes the institu-
tion of proceedings supplementary to execution, to examine a judg-
ment debtor "at any time within ten years after the return, wholly
or partly unsatisfied, of an execution against property, issued upon
a judgment," etc. The time fixed by this statute is a statute of limita-
tion, prescribing the period within which these proceedings may be
instituted. The return of the execution starts the time running, and
the right is barred after the expiration of ten years from that time.

In Importers' & Traders' Nat. Bank v. Quackenbush, 143 N. Y.
567, 38 N. E. 728, Judge O'Brien said:

"We think that, when the statute gave the creditor ten years from the
date of the return of an execution to obtain the order, this period was in-
tended as a limitation. The right accrued after the return of the first ex-
ecution, and became barred after the lapse of ten years, in the absence of
some new proceeding to revive it to which the debtor is a party by notice
or otherwise."

It is urged by the judgment creditor that the 10-year limitation is
not applicable to an order to examine a third party, but only to an or-
der to examine a debtor. I do not think that this construction is
tenable. The remedy permitting the judgment creditor to examine a
person having property of the debtor is distinct from the remedy to
examine the judgment debtor. Both of these remedies, however, are
to be taken advantage of in the same proceeding, and both are di-
rected against the property of the judgment debtor. Section 2441
of the Code of Civil Procedure authorizes an order to examine a per-
son having property of the judgment debtor, and no period of limita-
tion is therein prescribed. This section of the Code provides that:

"Upon proof, by affidavit, or other competent written evidence, to the sat-
isfaction of the judge, that an execution against property has been issued,
* * * and either that it has been returned wholly or partly unsatisfied,
or that it has not been returned * * * the judgment creditor is entitled
to an order," etc.

It will be noticed that not only does this section fail to prescribe
any time within which the execution must issue, but, so far as the
letter of the statute is concerned, the creditor might institute these
proceedings even after 20 years, when the judgment itself has be-

come barred by the statute of limitations. The whole of this section of the statute is very vague, and, its meaning is far from being clear. In placing an interpretation upon it, therefore, due regard should be had to the protection of the rights of property and to establish legal principle. So far as the literal reading of the statute is concerned, as these proceedings can be maintained without notice to the debtor, it is possible that the property of a debtor should be confiscated, under a judgment barred by the statute of limitations, without the debtor being afforded an opportunity of being heard. In the absence of a clearly revealed intent, it is not to be presumed that the Legislature, in enacting this section, intended to make so wide a departure from well-established principles. No reason exists for making the lapse of 10 years after the return of an execution a bar to examining the judgment debtor, and prescribing no period of limitation to examine a third party having property of the judgment debtor. Bearing in mind the vagueness of these Code sections (sections 2435, 2441), and reading them together in the endeavor to make a reasonable application of them, I think the presumption that the Legislature intended the same period of limitation to bar the exercise of both remedies should be indulged, rather than to presume that in the case of the examination of a third party no statute of limitation exists, and that such an order may issue even after the judgment itself is barred. If, however, the construction which I have placed upon these sections of the Code should be deemed too broad, it is nevertheless clear that the right to examine a third party in supplementary proceedings is barred at the expiration of 10 years from the time when the right accrues. The Code prescribes a 10-year statute of limitation in cases where a different period is not prescribed by law.

Section 388 of the Code of Civil Procedure provides that "an action, the limitation of which is not specially prescribed in this or the last title, must be commenced within ten years after the cause of action accrues." This section is the general statute adopted in the Code as a precautionary measure, to cover cases inadvertently omitted, or not otherwise provided for. Galway v. Metropolitan E. R. Co., 128 N. Y. 132, 142, 28 N. E. 479, 13 L. R. A. 788. It was in the Code of 1848, and has since been continued. It has done away with the old rule in cases cognizable only in courts of equity, and subjected all alike to some statutory limitation. Loder v. Hatfield, 71 N. Y. 104. It applies to any and every form of equitable action. Gilmore v. Ham, 142 N. Y. 1, 6, 36 N. E. 826, 40 Am. St. Rep. 554. Proceedings supplementary to execution are remedies in equity for the collection of the creditors' judgment, and were intended as a substitute for the creditors' bill as formerly used in chancery. Importers' & Traders' Nat. Bank v. Quackenbush, 143 N. Y. 567, 571, 38 N. E. 728. While section 388 refers to "an action," and the time when "the cause of action accrues," section 414 of the Code of Civil Procedure provides that "the word 'action' contained in this chapter, is to be construed, when it is necessary so to do, as including a special proceeding, or any proceeding therein, or in an action."

The application of the limitation prescribed by section 388 to supplementary proceedings has been recognized by the Court of Appeals.

In Conyngham v. Duffy, 125 N. Y. 200, 202, 26 N. E. 142, Judge Finch said:

"By section 388 of chapter 4, ten years is fixed as the limitation in all cases not specially prescribed in the first two titles, and, while the chapter speaks of actions, * * * the later sections [sections 414, 415] include special proceedings, and the accruing of rights to institute the same. And hence it follows that by chapter 4 a limitation for the institution of summary [supplementary] proceedings is fixed at ten years from the accruing of the right. Section 2435, in a later chapter, fixes the same limitation, and not a 'different' one; and, since it is not different, it fails to exclude supplementary proceedings from the operation of chapter 4, and so the further provision of section 414 applies, as I think was the Legislature's intention."

If the limitation prescribed by section 388 is applicable to section 2435, it is equally applicable to section 2441, under which a person having property of a judgment debtor may be examined in proceedings supplementary to execution. Inasmuch as the judgment creditor did not assert this right within 10 years, which is the period of limitation prescribed by statute, it is lost, and the order appointing a receiver of the property of the debtor must be vacated.

Courts will aid the judgment creditor in securing payment, but the judgment creditor's right is like all other rights to recover a debt, and it may be lost by delay. "It may be safely asserted" said Judge O'Brien in Importers' & Traders' Nat. Bank v. Quackenbush, supra, "that every remedy which a creditor has by law for the enforcement of the debt becomes barred by the lapse of some definite period of time, and when barred it cannot be revived at his mere will and pleasure, without some new proceeding for that purpose of which the debtor has notice." Such, it seems to me, is the situation disclosed upon this motion. The original right of the creditor is not disputed, but the laches of which he has been guilty interposes a barrier to his further efforts to enforce it. The motion is granted, with $10 costs.

Motion granted, with $10 costs.