(114 App. Div. 640)

## GREENLEY v. GREENLEY et al.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. CONTRACTS—RIGHTS ACQUIRED BY THIRD PERSONS.

    Where, as consideration for a deed, the grantee agreed to pay certain notes made by the grantor, the grantee became primarily liable for the indebtedness.

    [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 798–800.]

2. LIMITATION OF ACTIONS—ACCRUAL OF RIGHT OF ACTION.

    Where the grantee of land agreed, as consideration for the deeds, to manage the premises, dispose of them, and, after reimbursing himself for expenses, and paying the interest on mortgages incumbering the land, to pay certain notes given by the grantor, the grantee was not liable to pay the notes until the stipulated conditions had been performed; and limitations did not begin to run against a right of action against him upon his promise until conditions had been performed.

3. SAME.

    Where, as consideration for a deed, the grantee promised to pay certain notes made by the grantor, an action by the holder of the notes against the grantee was not barred merely because the statute of limitations had run against the notes.

4. EQUITY—JURISDICTION—TRUSTS.

    Where the consideration for a deed was the agreement of the grantee to pay certain notes given by the grantor as soon as proceeds from a sale of the land conveyed would enable him to do so, the failure of the grantee to account after selling part of the land, and his repudiation of the

agreement to pay the notes, were sufficient to permit a court of equity to determine the rights of the parties.

**5. LIMITATION OF ACTIONS—ACCRUAL OF CAUSE OF ACTION.**

Where, as consideration for a deed, the grantee promised to pay certain debts of the grantor as soon as the land conveyed should be sold and any incumbrance and other charges thereon satisfied, the repudiation of his agreement by the grantee prior to the time when the conditions precedent to the payment of the debts had been performed did not set the statute of limitations in motion as against the right of action of one of the grantor's creditors against the grantee on the agreement to pay the grantor's debts.

**6. EQUITY—REMEDY AT LAW.**

As consideration for a deed, the grantee agreed that, after the property had been sold by him, and sufficient money obtained to pay certain mortgages thereon, to reimburse the grantee for his advances, services, etc., he would pay certain notes given by the grantor to plaintiff. Afterwards the grantee repudiated the agreement, and was sued thereon by the grantor. *Held*, that plaintiff had no right to intervene in that action, so that her failure to do so did not preclude her from bringing a subsequent suit in equity against the grantee to enforce the agreement.

**7. FRAUDS, STATUTE OF—ASSUMPTION OF DEBT OF ANOTHER.**

As part of the consideration for a deed the grantee agreed to hold the land, and from the profits thereof and the proceeds of its sale to pay certain notes of the grantor after liquidating liens on the land, and compensating himself for his services and for any advances made by him. Pursuant to the agreement, the grantee went into possession and received the profits. *Held* that, in an action by a creditor of the grantor against the grantee to enforce the latter's agreement to pay the grantor's debts, the defense of the statute of frauds was not available to the grantee.

**8. CONTRACTS—ENFORCEMENT BY THIRD PERSON—PARTIES.**

Where part of the consideration for a deed was a promise by the grantee to pay debts of the grantor, the grantor was a proper party to an action by one of his creditors against the grantee to enforce the agreement of the latter.

Appeal from Special Term, Jefferson County.

Action by Esther Greenley, as executrix, against Mary E. Greenley and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

John Lansing, for appellant.
Joseph Atwell, for respondent Mary E. Greenley.
John N. Carlisle, for respondent Jerome L. Shelmidine.

SPRING, J. On the 26th day of June, 1884, the defendant Mary E. Greenley conveyed by warranty deed to the defendant Shelmidine two farms owned by her in the county of Jefferson for the expressed consideration of $10,000. Said premises were incumbered by a mortgage, on which there was unpaid, including accrued interest, about the sum of $10,000, and the said lands were worth about $16,000. The said Mary E. Greenley was unable to meet the interest due on said mortgage indebtedness, and was owing other debts for which she had given her promissory notes, and her only property consisted of said farms. The court has found, upon evidence to sustain the finding,

that there was a prior oral agreement between her and the defendant Shelmidine to the effect—

"That, if the said Mary E. Greenley would deed the said property to the said Shelmidine, he would manage and dispose of it, and, after reimbursing himself for the moneys he had paid out and for his services, would with the balance provide for the debts hereinbefore mentioned, and pay the balance then remaining to the said Mary E. Greenley. That said deed was given in pursuance of such agreement, and was at the solicitation of the defendant Shelmidine and Albert Greenley, the husband of said Mary E. Greenley."

At the time of such conveyance the said Mary E. Greenley was indebted to Oren Greenley, the plaintiff's testator, in the sum of $800, evidenced by two promissory notes, dated May 1, 1882, and due respectively, eight months thereafter, and these notes were specifically mentioned to Shelmidine as two of the outstanding obligations he was to pay. By this agreement Shelmidine became primarily liable for this indebtedness. He voluntarily indemnified the maker of the notes against these obligations. Wager v. Link, 134 N. Y. 122–126, 31 N. E. 213; Howard v. Robbins, 67 App. Div. 245, 73 N. Y. Supp. 172, affirmed in 170 N. Y. 498, 63 N. E. 530; Wiltsie on Mortgage Foreclosures, § 223. But if the payee of the notes attempted to enforce their payment on the assumption by Shelmidine, it must be done pursuant to the terms of the agreement by which his liability was created. He did not agree to pay these debts immediately, or at any definite time. He was to manage and dispose of the farms, reimburse himself for the expenses, pay the interest on the large mortgage lien, and be compensated for his services before these obligations were to be paid. They were well down in the list, as the disposition of the avails was marshaled by the oral agreement. The statement, therefore, is not correct that the plaintiff's testator could have enforced these notes at any time against Shelmidine. They could not have been enforced until the contingencies had arisen necessary to enable him to obtain money with which to meet them, and the sale of the farms was the first in order of these transactions.

Conditions may be attached to an agreement which delay its performance, and the statute of limitations is held in abeyance in the meantime. Tebo v. Robinson, 100 N. Y. 27, 2 N. E. 383. Shelmidine assumed possession and control of the farms by virtue of the conveyance and agreement, carried them on as his own, and in 1890 sold one of them for $6,500, including some personal property accompanying the transfer. He made no accounting whatever to his grantor, and paid none of her debts. In 1898 he disavowed to her the oral agreement, and she thereupon commenced an action to enforce it, and succeeded at Special Term, and the judgment was affirmed by this court. Greenly v. Shelmidine, 83 App. Div. 559, 82 N. Y. Supp. 176. The statute of limitations was held to be inoperative because no time was fixed for the performance of the agreement, and there was no refusal by the defendant to carry it out until about the time the action was commenced. Page 564 of 83 App. Div., page 180 of 82 N. Y. Supp.

We start, therefore, with a valid agreement established in the former action, and found anew in the present one. Shelmidine claims that the

notes are barred by the statute of limitations. He is correct so far as the maintenance of an action on the notes is concerned. The plaintiff or Oren Greenley could never have sustained a direct action on the notes against Shelmidine. The action must have been based on the oral agreement to establish the notes as a valid demand against the premises, or else to reach the fund if the premises were sold. The statute of limitations does not create the presumption of payment. It merely is the bar of the statute to the remedy. Hulbert v. Clark, 128 N. Y. 295–298, 28 N. E. 638, 14 L. R. A. 59; Nehasane Park Ass'n v. Lloyd, 167 N. Y. 431–438, 60 N. E. 741. Consequently, the fact that the notes may not be enforceable by an action at law, pure and simple, does not prevent the plaintiff from taking advantage of any other remedy available to her. Hulbert v. Clark, supra; Dinniny v. Gavin, 4 App. Div. 298, 39 N. Y. Supp. 485, affirmed in 159 N. Y. 556, 54 N. E. 1090; Am. & Eng. Cyc. of Law, vol. 19 (2d Ed.) p. 177. In the Hulbert Case, supra, a mortgage had been given as collateral security to the payment of certain notes. In an action to foreclose the mortgage, the six-year statute of limitations was pleaded in bar, and the defense would have been effectual in an action to enforce the notes. The court, in considering this question, said at page 298 of 128 N. Y., page 638 of 28 N. E. (14 L. R. A. 59):

"The notes being valid in their inception, the only answer to the foreclosure of the mortgage is payment. The mortgage was given to secure payment of the notes, and until they are paid the mortgage is a subsisting security and can be foreclosed. The mortgage, being under seal, can be foreclosed by action at any time within twenty years. It is only an action upon the notes that is barred after six years. It is a general rule, recognized in this country and in England, that when the security for a debt is a lien on property, personal or real, the lien is not impaired because the remedy at law for the recovery of the debt is barred."

Mrs. Greenley was the maker of these notes, and was liable for their payment at any time. The fact that no immediate enforcement of the indebtedness could be had against Shelmidine did not operate to extend her date of payment. If she had paid the notes shortly after the conveyance, as she had a right to do, she could have recovered against Shelmidine on the oral agreement, if upon the final adjustment the fund was not exhausted before this list of claims was reached. The statute of limitations would not be a bar, for the liability of Shelmidine has been continuous during all the time of his occupancy of the premises, although not enforceable. Greenly v. Shelmidine, supra.

Oren Greenley knew of this oral agreement, and it inured to his benefit. He could not compel its performance until the contingency arrived when payment was to be made. Shelmidine's attitude in repudiating the contract, and the fact that no accounting has been had of the avails received from the sale of one farm, are sufficient to permit a court of equity to determine the rights of the parties, and especially as he claims to be the unqualified owner of the remaining farm, and is not disposed to sell the same pursuant to the agreement. The court has found, and in accordance with the evidence, "that in 1885 or 1886 said Shelmidine repudiated said agreement to the knowledge of said Oren Greenley, and refused to pay said notes, and informed said Oren Greenley that he had purchased the farms, and that they be-

longed·to him, and that he had nothing to do with Mrs. Greenley's debts." It is contended that by reason of this disavowal the right to sue accrued at once, and the statute of limitations was thereupon set in motion. His disclaimer of the contract did not annul it. He was in error in his attempted denial. The court has determined that he had made a valid agreement, whereby he did not own the farms, and was liable for Mrs. Greenley's debts. If there had been a written agreement by which he had agreed to carry on the farms for 20 years, then sell them and pay these debts, his ipse dixit to the creditors, whose debts were to be paid, that he was not liable for their payment, would not relieve him from liability, and he could not invoke that declaration in order to interpose the defense of the statute of limitations. If he made the agreement, as the court has found, it fastens certain obligations upon him, and they are not added to or lessened by his renunciation. The oral agreement is just as effective and binding upon him as if it had been reduced to writing, and we are to determine by that contract whether the statute of limitations is a defense.

In the previous action the court directed an accounting before a referee, and the counsel for Shelmidine insists that the plaintiff should intervene in that action. She is seeking to establish the validity of her agreement. She cannot participate in the accounting until her demand has been determined. Whatever defense Shelmidine has, by virtue of his agreement with Mrs. Greenley, against her, is equally available against the plaintiff. He has not seen fit to interpose the defense that the payments on the mortgage, his expenses, and the sum due for his services have consumed the income and the value of the premises, so that there is nothing due in any event. He has contented himself with disavowing the agreement and insisting upon the statute of limitations.

The defense of the statute of frauds is not available to the defendant Shelmidine. He undertook to pay these notes as part of the consideration moving to him. He went into possession of the farms, has managed them, receiving the benefits therefrom and earning compensation for his services, upon his explicit promise to pay these obligations in certain contingencies out of the moneys coming to him from the deal and transfer, and that promise is an inseparable part of the agreement. He cannot adopt the agreement so far as beneficial to him and repudiate the burdens imposed by it.

The plaintiff is not seeking a personal judgment against the defendant Mary E. Greenley upon the notes. If she was sued in an action at law, possibly the bar of the statute might be successfully urged in her behalf. The present action is in equity to establish the validity of the oral agreement in favor of the plaintiff, and to compel its performance. The maker of the notes, as the grantor of Shelmidine, a party to the agreement with him, and necessarily interested in its consummation, is at least a proper party defendant. She cannot set up the bar of the six-year statute, which might be availed of by her in an action on the notes, to defeat the continuous agreement with Shelmidine. That agreement created a separate distinct liability, and its terms are controlling when the application of the statute to its performance is to be determined.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.