FULLER v. MORIAN et al.

(Supreme Court, Equity Term, Cattaraugus County.   May, 1914.)

LIMITATION OF ACTIONS (§ 60*)—LIMITATION APPLICABLE—ENFORCEMENT OF VENDOR'S LIEN.

　　A vendor's action to enforce the equitable lien for the purchase price is subject to the limitation of six years, applicable to an action for the purchase price, and not to the limitation of ten years applying to actions of which equity has exclusive jurisdiction, since the debt is the subject-matter of the cause of the action and the lien a mere incident thereto, and the courts of law and equity have therefore concurrent jurisdiction of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the subject-matter, and the vendee's insolvency does not change this result, especially where it did not appear that he was insolvent at the maturity of the debt.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 333–341; Dec. Dig. § 60.*]

Action by Malvina Fuller against Fred E. Morian and others to declare and foreclose a vendor's lien. Judgment for defendants dismissing the complaint.

Jewell & Waring, of Olean, for plaintiff.
Hugh A. Cobb and Henry Donnelly, both of Olean, for defendants.

BROWN, J. February 13, 1903, plaintiff conveyed a lot of land in Allegany to defendant by warranty deed, then delivered to defendant in consideration of the sum of $100. The defendant recorded his deed and entered into possession of the premises, but failed to pay the purchase price. On December 12, 1913, this action was commenced in equity to declare the unpaid purchase money, with interest from February 3, 1903, the date of its maturity, a lien on the premises conveyed and for a foreclosure of such lien. The defendant answered alleging that more than six years had elapsed after the maturity of the purchase price and before the commencement of this action, and that plaintiff's cause of action was barred by the six-year statute of limitations. The plaintiff's contention being that the six-year statute does not apply; that, the action being to enforce an equitable lien, equity has exclusive jurisdiction; that, it being alleged in the complaint and admitted by the answer that the defendant is insolvent, the plaintiff has no remedy at law and can only obtain relief by the interposition of the equitable powers of the court, of foreclosure and sale, and that the ten-year statute of limitations applies; that, defendant having failed to plead the ten-year statute of limitations, the plaintiff must have judgment.

It was held in Borst v. Corey, 15 N. Y. 505, that an action to enforce the equitable lien for the unpaid purchase money of land is barred by the lapse of six years after the debt has accrued; that, although such action is of equitable cognizance, the debt is the cause of action, and, where both courts of equity and courts of law have concurrent jurisdiction of the cause of action, the statute of limitation applicable to the cause of action at law is also applicable to the cause of action when stated in equity; that the debt and not the equitable lien is the principal and fundamental subject-matter of the action; and that, a court of equity not having exclusive jurisdiction over the subject-matter of the action, the statute of limitations then (1857) applicable to equity actions did not apply.

The plaintiff asserts that the case at bar is to be distinguished from Borst v. Corey, in that the insolvency of the defendant compels the foreclosure of the equitable lien, that plaintiff is without remedy in an action at law, and that equity has exclusive jurisdiction of the only remedy available to plaintiff. Even assuming that the insolvency of the defendant gives exclusive jurisdiction to a court of equity to

grant plaintiff relief, it does not appear that defendant was insolvent at the time the debt accrued, February 3, 1903. It does appear that plaintiff lost her legal remedy by failing to bring suit to collect her claims within six years. It was said in National Bank v. Bussing, 147 N. Y. 672, 42 N. E. 347, "having suffered their remedy at law to lapse, all equitable remedies are also cut off." But it is not thought that defendant's insolvency in any manner affected plaintiff's cause of action, or the subject-matter thereof. She in no manner complains that such insolvency prevented her from bringing her action at law within six years, or that by reason of such insolvency the validity of her alleged equitable lien as it existed at the time it was created has in any manner been impaired. That plaintiff had her implied lien on February 3, 1903; that it was created by operation of law; that it did not arise by any reservation in her conveyance; that it is not a creature of any contract or agreement; it was not created by any act of the defendant. As was said in Borst v. Corey, it arises by operation of law, and is of no higher nature than the debts which it secures. With its existence, creation, duration, or validity, defendant's insolvency has in no manner interfered. If the plaintiff's remedy of enforcing her lien against the premises has been lost, it is not because of defendant's insolvency, but rather by reason of plaintiff's failure to protect and enforce it before other claims intervened and became liens and incumbrances of record.

Plaintiff asserts that the case of Borst v. Corey cannot be followed because it is wrong in principle, has been so severely criticised that it it ultimately to be overruled by the Court of Appeals; that the law is that, even though a debt is outlawed, a lien securing such debt can be foreclosed; and that the ten-year statute of limitations applies to all equity actions—citing Hulbert v. Clark, 128 N. Y. 295, 28 N. E. 638, 14 L. R. A. 59; Treadwell v. Clark, 190 N. Y. 51, 82 N. E. 505; Gilmore v. Ham, 142 N. Y. 1, 36 N. E. 826, 40 Am. St. Rep. 554; Peck v. Disken, 41 Misc. Rep. 473, 84 N. Y. Supp. 1094; Hardin v. Boyd, 113 U. S. 756, 5 Sup. Ct. 771, 28 L. Ed. 1141; House v. Carr, 185 N. Y. 453, 78 N. E. 171, 6 L. R. A. (N. S.) 510, 113 Am. St. Rep. 936, 7 Ann. Cas. 185; Greenley v. Greenley, 114 App. Div. 640, 100 N. Y. Supp. 114; Brooklyn Bank v. Barnaby, 197 N. Y. 210, 90 N. E. 834, 27 L. R. A. (N. S.) 843; Lightfoot v. Davis, 198 N. Y. 261, 91 N. E. 582, 29 L. R. A. (N. S.) 119, 139 Am. St. Rep. 817, 19 Ann. Cas. 747.

In Hulbert v. Clark it is stated that the reasoning by which the result was reached in Borst v. Corey is not altogether satisfactory, yet that result is not in conflict with the holding that the expiration of more than six years after the maturity of a promissory note before commencing an action to foreclose a real estate mortgage given to secure the payment of the note will not prevent such foreclosure; that the lien of the mortgage was by contract, under seal, and the six-year statute of limitations did not apply. In Treadwell v. Clark three specific reasons are stated for the conclusion that the plaintiff had no adequate remedy at law and was compelled to proceed in equity, which had exclusive jurisdiction of plaintiff's cause of action. It was there held that the six-year statute did not apply. Gilmore v. Ham was an

action for a partnership accounting, and because it was an equitable action the ten-year statute was applied. In Peck v. Disken an order appointing a receiver of a judgment debtor based on property discovered in a third person's hands more than ten years after the return of an execution unsatisfied was vacated for the reason that an order to examine a third person as to such property must be made within ten years after return of execution and also for reason that, it being a proceeding in equity, the ten-year statute applied. In House v. Carr a foreclosure of a mortgage by advertisement was not restrained, although the statute of twenty years had run against the mortgage; for such affirmative relief the plaintiff must prove payment. In Greenley v. Greenley the action was to establish the validity of an oral agreement made by the defendant to pay the notes of a third party held by plaintiff out of the avails of real estate owned by defendant, although the six-year statute had run against the notes, it had not run against the defendant's promise to pay the notes out of the avails of the real estate. In Brooklyn Bank v. Barnaby an application by plaintiff of moneys in its hands belonging to defendant, upon defendant's promissory note, was held not to be such a payment as would prevent the running of the statute. In Lightfoot v. Davis the six-year statute of limitations began to run upon discovery by plaintiff of the fraud practiced by defendant, and not upon the date of the fraudulent act.

There does not seem to be any authority in this state that conflicts with the holding of Borst v. Corey, supra. While it was said in House v. Carr, 185 N. Y. 458, 78 N. E. 171, 6 L. R. A. (N. S.) 510, 113 Am. St. Rep. 936, 7 Ann. Cas. 185, though the statute may have barred one remedy on the debt, if there be another remedy not affected by the statute or one to which a different limitation applies, a creditor may enforce his claim through that remedy, and while it was said in Greenley v. Greenley, 114 App. Div. 640, 100 N. Y. Supp. 114, that it is a general rule recognized in this country and in England that where the security for a debt is a lien on property, personal or real, this lien is not impaired because the remedy at law for the recovery of the debt is barred, the difficulty of the application of those general principles to the case at bar lies in the fact that the Court of Appeals, in Borst v. Corey, 15 N. Y. 505, had before it a vendor's lien created by implication of law and decided that the subject-matter of the cause of action to foreclose such a lien was the debt; that it was not exclusively an equitable action; and that the six-year statute applied.

An action by the vendor to foreclose a contract not under seal for the sale of real estate is an action upon the contract within the meaning of the statute of limitations, and, if brought more than six years after the default, is barred by the statute. Plet v. Willson, 134 N. Y. 139, 31 N. E. 336.

In the case at bar the plaintiff has no lien to foreclose. As was said in Plett v. Willson, 50 Hun, 62, 4 N. Y. Supp. 507, plaintiff's lien "never became a legal one until declared by a court, and, when an action for the recovery of the purchase price is barred, there is nothing for a court of equity to lay hold of." Where the unpaid purchase price is secured by agreement of the parties, there is no necessity of bring-

ing an action to establish the lien, and of course no statute of limitation could be pleaded; but where it is necessary to have the debt declared a lien, it seems that a defense that the statute of limitations has run against the debt is a good defense; that equity will not declare a debt to be a lien to which the statute of limitations would be a successful defense.

The principle established in Borst v. Corey, that where jurisdiction of law and equity is concurrent the limitations as to actions at law apply in equity, was applied in Bank v. Bussing, 147 N. Y. 672, 42 N. E. 345; Butler v. Johnson, 111 N. Y. 217, 18 N. E. 643; Matter of Neilley, 95 N. Y. 390; Morris v. Budlong, 78 N. Y. 558; Loder v. Hatfield, 71 N. Y. 103; Zweigle v. Hohman, 75 Hun, 379, 27 N. Y. Supp. 111; Burt v. Myers, 37 Hun, 281; Bible Society v. Hebard, 51 Barb. 570; Taft v. Wright, 2 Thomp. & C. 618; Matter of Miller, 15 Misc. Rep. 558, 37 N. Y. Supp. 1129; Matter of Kirkpatrick, 9 Misc. Rep. 234, 30 N. Y. Supp. 283.

The principle established in Borst v. Corey, although an equitable action may have for its object the accomplishment of the same end as one at law, and be based upon the same cause of action, where the remedy sought in equity is a mere incident to the main obligation, and that is a legal one, the legal limitation applies, was applied in Diefenthaler v. New York, 111 N. Y. 338, 19 N. E. 48; Ray v. Ray, 24 Misc. Rep. 156, 53 N. Y. Supp. 300; Reavy v. Clark, 9 N. Y. Supp. 216;[1] and Welles v. Yates, 44 N. Y. 532.

Borst v. Corey was distinguished in Holland v. Grote, 193 N. Y. 269;[2] Plett v. Willson, 50 Hun, 62, 4 N. Y. Supp. 507; Rundle v. Allison, 34 N. Y. 182; Mills v. Mills, 48 Hun, 100; Rogers v. Murdock, 45 Hun, 33; Salisbury v. Morss, 7 Lans. 368; Hovey v. Elliott, 118 N. Y. 135, 23 N. E. 475; Hoyt v. Tuthill, 33 Hun, 199; Matter of Latz, 33 Hun, 621; and Neilly v. Neilly, 23 Hun, 651—in all of which cases it was held that they were exclusively equitable actions or that the plaintiff had no remedy at law. In the case at bar the plaintiff had a perfect remedy at law by bringing her action in the debt within the six years after February 3, 1903.

It so clearly appearing that the subject-matter of plaintiff's cause of action is the debt accruing February 3, 1903, that is the thing the court is asked to declare to be a lien, the implied lien being simply due to operation of law and a mere incident to the subject-matter of the action, it must be held that the six-year statute of limitation is a bar to plaintiff's recovery.

Judgment directed for defendants dismissing plaintiff's complaint with costs.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun, 641.

[2] 86 N. E. 30.