Vasili Davidovich Dumbadze, Respondent, *v.* Eugene E. Lignante, Appellant, Impleaded with Anton Antonovich Knaap and Another, Defendants.

First Department, April 30, 1926.

**Limitation of actions — action for accounting — complaint alleges that appellant's assignor and plaintiff were members of syndicate in 1914 supplying munitions to Russia — in 1916 plaintiff was imprisoned and deprived of civil rights and his guardian appointed third person attorney to collect money — third person assigned claim to defendant — plaintiff was restored to civil rights in 1917 — six-year Statute of Limitations is applicable.**

The six-year Statute of Limitations is applicable to an action brought for an accounting to recover an amount alleged to be due the plaintiff as his stated share of earnings arising from a transaction entered into between the plaintiff and the appellant's assignor in furnishing munitions of war to Russia in 1914, where it is alleged that plaintiff in 1916 was imprisoned in Russia and deprived of his civil rights, that his guardian appointed a third person to act as attorney in collecting the money and said attorney assigned plaintiff's rights to the appellant's assignor who collected the money in question, and that the plaintiff was restored to his civil rights in 1917, for the action primarily is one for money had and received and not for an accounting.

The appellant's assignor did not stand in the relation of trustee to the plaintiff and it was not necessary for the plaintiff to make a demand for the money before the cause of action arose. The cause of action arose immediately upon the collection of the money by the appellant's assignor.

Appeal by the defendant, Eugene E. Lignante, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day

of November, 1925, denying his motion, made under subdivision 5 of rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action against him, and also from an order entered in said clerk's office on the same day, denying said defendant's motion made under subdivision 6 of rule 107 to dismiss the complaint on the ground that the action was not commenced within the time limited by law therefor.

*House, Grossman & Vorhaus* [*Frederick Hemley* of counsel; *Joseph Fischer* with him on the brief], for the appellant.

*Peaslee, Brigham & Gennert* [*Amos J. Peaslee* of counsel; *Alfred G. Gennert* and *A. Lewis Spitzer* with him on the brief], for the respondent.

MARTIN, J.  The complaint in this action alleges that the plaintiff and one Knaap, the assignor of the defendant Lignante, during the year 1914, were both members of a syndicate engaged in a joint enterprise for the furnishing of munitions to the Russian government; that certain funds, profits on the syndicate's operations in which the plaintiff and Knaap were jointly interested, have been collected by the defendant Lignante by virtue of assignments which Lignante took of Knaap's rights in the syndicate and that he has failed to pay same to plaintiff.   In the first eighteen paragraphs of the complaint the ramifications of this syndicate agreement between the parties are set forth.

The plaintiff then alleges that he was imprisoned in Petrograd in 1916 and deprived of his civil rights; that one Setchinsky was appointed guardian over his property; that Setchinsky on August 18, 1916, acting as attorney and guardian for the plaintiff, executed and delivered to the defendant Knaap a power of attorney to collect all moneys due or to grow due the plaintiff; that by virtue of this power of attorney, Knaap, acting for himself and for this plaintiff, on or about the 27th day of February, 1917, assigned all moneys due or to grow due to him for his own account or for the account of this plaintiff to the defendant Lignante.

The complaint then alleges that thereafter and on or about March 6, 1917, and prior to the payment by the Canadian Car and Foundry Company of any of said sums of $102,500, $44,642.83 and $5,357, to the Robert Dollar Company, or to any one else, the Canadian Car and Foundry Company paid to the defendant Lignante for the account of the interests in said sums of $102,500 $44,642.83, and $5,357, the " one-third interest therein of Knaap personally, and the one-third interest of Knaap, acting as attorney and trustee for the property of plaintiff pursuant to the said power

of attorney from Colonel Setchinsky," the amount of the plaintiff's interest being as follows:

| | | |
|---|---:|---:|
| One-third of $102,500 | $34,166 | 67 |
| One-third of $44,642.83 | 14,880 | 94 |
| One-third of $5,357 | 1,785 | 67 |
| Total | $50,833 | 28 |

It appears from the pleading that Setchinsky, representing plaintiff, made Knaap his agent; that Knaap assigned all his right and power to collect for plaintiff and for himself to the defendant Lignante who received the moneys.

In the 23d paragraph of the complaint it is alleged that on October 13, 1917, the plaintiff was restored to his legal rights and that the guardianship of Setchinsky over his property was terminated, all of the rights of plaintiff in the funds received by Lignante revesting in him, as he sets forth, by virtue of legal proceedings duly taken and held in the city of Petrograd.

The plaintiff says he remained in ignorance of the fact that Lignante collected the money until the fall of 1923, and that since that time he has diligently investigated the transactions, endeavoring to ascertain the facts thereof and to locate Lignante. All that is alleged is that the plaintiff did not know of his rights until 1923, which does not mean that the cause of action did not accrue until then. His action for money had and received could have been brought without any demand. (*Mills* v. *Mills*, 115 N. Y. 80.)

The six-year Statute of Limitations (Code Civ. Proc. §§ 380, 382; Civ. Prac. Act, § 48) is applicable in this case. The respondent relies on *Keys* v. *Leopold* (213 App. Div. 760). That determination, however, was reversed by the Court of Appeals (241 N. Y. 189), where it was said:

"For the purposes of this case we shall assume that the complaint states a cause in equity for an accounting. * * * The question still remains, however, whether the basis of the action is to recover upon a contract obligation or liability express or implied, or damages for an injury to property controlled by the six years' statute * * * or whether this is an action the limitation of which is not specifically prescribed and, therefore, one that must be commenced within ten years * * *. The mere fact that this is an action for an accounting is not determinative of this question. When a legal and an equitable remedy exists as to the same subject-matter, the latter is under the control of the same statutory bar as the former. (*Rundle* v. *Allison*, 34 N. Y. 180.) Nor is the fact

that the defendants received this money in a fiduciary capacity and may, therefore, hold it under such a trust as the law may imply for the purposes of justice. (*Mills* v. *Mills*, 115 N. Y. 80.)

" Our construction of the complaint answers the question. It states facts on which a recovery might be had at law. * * * We hold that under Civil Practice Act * * * this action should at least have been begun within six years after 1916." (*Keys* v. *Leopold*, 241 N. Y. 189.)

Regardless of the remedy invoked, plaintiff is within the doctrine of *Minion* v. *Warner* (238 N. Y. 413, 418). In that case the court said: " Where there is concurrent jurisdiction in law and equity, equity is bound by the Statute of Limitations. The mode of relief sought is immaterial."

In *Hermes* v. *Westchester Racing Association* (213 App. Div. 147) it was held that the form of the action does not affect the application of the Statute of Limitations.

In *Mills* v. *Mills* (*supra*) we find the following: " When money is received by one to and for the use of another, under such circumstances that it is his duty at once to pay it over, then an action for money had and received may be brought to recover it without any demand; and in such a case the Statute of Limitations begins to run from the day of the receipt of the money. * * * Even if an accounting was necessary to determine the amount due from him to his brother, the account could be taken in an action at law as well as in an action in equity; and in whatever form the action was commenced the legal rule of limitations would be applicable."

In this same opinion on the subject of an accounting we find the following:

"All the relief asked for in the complaint is an accounting and a judgment for a sum of money, and no other relief was needed or possible upon the facts established. * * *

" It is said, however, that the defendant was in some sense a trustee of the moneys received by him, and hence that the Statute of Limitations could not begin to run in his favor until he repudiated the trust. But the defendant was not a trustee in the sense contended for. He had received money belonging to another and became a debtor for the same, and he is in no other sense a trustee than every one is who receives money to and for the use of another. There was no actual express trust as to these moneys created by the act of the parties. * * * If the defendant was in any sense a trustee of the moneys received by him, it was simply an implied trust which the law would raise for the purposes of justice; and as to the liability growing out of such a trust the ordinary rules of limitations apply." (See, also, *N. Y. & Boston Despatch*

*Exp. Co.* v. *Carroll*, 170 App. Div. 197; *Fuller* v. *Morian*, 85 Misc. 529; *Holt* v. *Hopkins*, 63 id. 537; *Brown* v. *Brown*, 83 Hun, 160; *Matter of Waite*, 43 App. Div. 296.)

The orders should be reversed, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

On each appeal, order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.