In the Matter of the Estate of WILLIAM ISENSEE, Deceased. FRIEDA BRAUNIG, as Executrix of WILLIAM ISENSEE, Deceased, et al., Respondents; JOSEPH H. COHEN et al., Appellants.

First Department, February 3, 1959.

*Joseph Henry Cohen,* appellant in person, and for Gerald Donovan and others, appellants.

*Meyer Kraushaar* for Frieda Braunig, as executrix, respondent.

*Per Curiam.* Claimants appeal from a decree of the Surrogate's Court which disallowed their claims as unenforcible under the applicable Statutes of Limitations. They also appeal from the order on the motion for reargument which granted reargument but adhered to the previous decision.

It is undisputed that, in 1942, decedent agreed in writing to pay claimants the aggregate sum of $4,350 for legal and other services rendered in a stockholder's derivative action. Payment was to be made "upon the final termination or other disposition" of the derivative action or upon the disposal of the decedent's stock in the corporation, "whichever event occurs sooner". To secure payment under the agreement, claimants were given a nonpossessory lien on the decedent's stock in the corporate defendant in the derivative action. A recital of claimants' lien was made a matter of record on the corporation's books.

The stockholder's derivative action was finally determined on April 13, 1945, more than 12 years before the decedent's death in 1957. Thus, by the terms of the agreement, the time of claimants to enforce their claim on the contractual debt expired in 1951.

Claimants contend, however, that, irrespective of the effect of the Statute of Limitations on the underlying debt, they still have an action to enforce their lien. In this connection they rely on cases involving pledges and other possessory liens. These cases are not in point, for what is involved here is a nonpossessory equitable lien. (4 Pomeroy, Equity Jurisprudence [5th ed.], §§ 1235, 1237.) Claimants also rely on *Hulbert* v. *Clark* (128 N. Y. 295) in which it was held that an action to foreclose a mortgage under seal could be maintained even though the period of limitations had run on the debt. The *Hulbert* case, however, does not hold that an action to foreclose may be brought at any time after the main debt has expired. The right to bring such an action was expressly confined to the 20-year period of limitation then applicable to mortgages under seal. In the instant case, irrespective of whether the 6- or 10-year Statute of Limitations would be applicable to any action which claimants might bring to enforce their nonpossessory or equitable lien, that period has expired long ago. (See *Borst* v.

*Corey,* 15 N. Y. 505; *Fuller* v. *Morian,* 85 Misc. 529; cf. *Hovey* v. *Elliott,* 118 N. Y. 124, 135 *et seq.*; 1 Pomeroy, *op. cit.*, § 171, subd. 4; 53 C. J. S., Liens, p. 871.) There being no action which claimants could bring to enforce the underlying debt or their lien on the stock, their claim was properly disallowed.

Accordingly, the decree and order should be affirmed, on the law, with costs to petitioner-respondent.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and BERGAN, JJ., concur.

Decree and order unanimously affirmed, on the law, with costs to petitioner-respondent.