## WHITING v. GLASS.

(Supreme Court, Trial Term, Erie County. June, 1913.)

1. EXCHANGE OF PROPERTY (§ 8*)—GROUNDS—EXPRESS CONTRACT.

   Where a party agreeing to an exchange of his real estate for a stock of merchandise of the adverse party took possession of the merchandise and proceeded to sell the same and retain the proceeds but refused to convey the real estate, the adverse party could sue in assumpsit for the price.

   [Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. § 10; Dec. Dig. § 8.*]

2. PARTIES (§ 6*)—"REAL PARTY IN INTEREST"—TRUSTEES.

   An assignor to a trustee for creditors of rights arising out of a transaction as collateral security to secure his creditors retains the right to the surplus remaining after the payment of his debts and is the real

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

party in interest in an action arising out of the transaction within Code Civ. Proc. § 449, and an action may be brought by the assignor, or the trustee may sue in the name of the assignor.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 6, 7; Dec. Dig. § 6.*

For other definitions, see Words and Phrases, vol. 7, pp. 5938–5939; vol. 8, p. 7779.]

Action by Myron W. Whiting against Allie J. Glass. Verdict for plaintiff, and motion for new trial denied.

Bartlett & Chamberlain, of Buffalo, for plaintiff.

Dudley, Emery & Georgi, of Buffalo (W. H. Ticknor, of Buffalo, of counsel), for defendant.

POOLEY, J. This is an action to recover the price of goods sold and delivered. The answer sets up a state of facts, disclosing that the origin of the controversy was a trade whereby plaintiff was to deliver to defendant, at an agreed price, his stock of goods as a grocer, and the defendant was to convey to plaintiff a piece of farming property. It appears that plaintiff delivered the stock of goods and defendant went into possession of them, proceeded to sell them and receive the returns, but has failed and refused to convey the farm as agreed.

It is contended by the defendant that the complaint should have been dismissed because it does not state the cause of action proven on the trial, and he has raised this question, first by moving for judgment on the opening, when the above facts were disclosed; again at the close of plaintiff's evidence, and again at the close of the case, and by various exceptions to evidence during the trial. The motions were denied and judgment directed for plaintiff, and defendant excepted to all the rulings adverse to him. The question, therefore, is squarely raised, and, if the court was in error, it will be readily corrected.

[1] The court ruled that when defendant agreed to the trade, accepted and took possession of plaintiff's goods, and proceeded to sell them and retain the proceeds, and then refused to convey the farm, the plaintiff had the right to sue for the agreed price; and that he was not obliged to set up the dealings between the parties for a trade, which had practically been repudiated by the defendant, although he had taken and sold the goods turned over to him by the plaintiff.

"A party may recover under the common counts in assumpsit the stipulated price due on a special contract not under seal, when such contract has been executed." Thomas v. Dickinson, 12 N. Y. 370.

Where personal property was sold under a special contract containing specific provisions as to the mode and time of payment and as to the vendor furnishing the purchaser with freight, it was held that the property having been delivered to and used by the purchaser, and the plaintiff having performed all that he had stipulated to do, an action might be sustained on a general indebitatus assumpsit for the price of the property and that it was not necessary to declare specially. Clark v. Fairchild, 22 Wend. 576.

The above ruling is by Cowan, J., and is criticised by Nelson, J., in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Underhill v. Pomeroy, 2 Hill, 603, where the contrary is held, citing among others the case of Ladue v. Seymour, 24 Wend. 63. But the latter case, while holding that, where there is a subsisting special contract, the contract must control and the remedy is *in general,* upon that and not upon the common counts in assumpsit, proceeds to hold that:

"This rule, so far as it relates to the form of the remedy, is subject to two qualifications. If the agreement has been completely performed by the party who was to render the services, and there was nothing special in the contract in relation to the time or manner of payment, if the credit, if any, has expired, there is then a duty upon the other party to pay the stipulated price, for which a general indebitatus assumpsit will lie."

On the other hand, it holds (page 62 of 24 Wend.) that:

"When the special contract has been rescinded or abandoned by the parties, or when an end has been put to it by the wrongful act of the party for whom the services were rendered, the other party may, in general, resort to the indebitatus assumpsit counts, and in that form recover for his labor and materials. In such cases, there is no subsisting special contract between the parties. There was one, but it is at an end."

In the circumstances the complaint was proper and the proofs under it were properly received. The law as laid down in Thomas v. Dickinson, supra, has never been disturbed. See, also, Greenley v. Greenley, 114 App. Div. 640, 100 N. Y. Supp. 114.

[2] Another proposition calls for some comment. It appears that, after plaintiff had parted with his property and defendant failed to fulfill his part of the arrangement, creditors of the plaintiff appeared and pressed for payment of their accounts. Plaintiff thereupon executed an instrument in writing whereby he "agrees to sell, assign and transfer to Smith M. Flickinger, as trustee for the creditors in Schedule A," all rights and equities growing out of the arrangement with defendants, "all, however, as collateral security to secure the payments of the debts specified in Schedule A."

It is contended that this instrument created an express trust, and that this action should be dismissed on the ground that it is not brought by the real party in interest. Section 449 of the Code of Civil Procedure provides that:

"Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A person, with whom or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

The agreement contains the provision that Flickinger as trustee is to commence any suit or suits that he deems advisable for the collection of any claims that the said Whiting was possessed of, either in the name of said Whiting or in the name of said Flickinger.

The Code section is not violated by bringing this action in the name of Whiting. The assignment by him to Flickinger was as collateral security, and any surplus remaining after paying the debts mentioned in the schedule belongs to Whiting. He is the real party in interest, endeavoring to collect his own debt, although it is held in trust by Flickinger as collateral, and is to be applied to the payment of his

obligations. It certainly should not be permitted to defendant to raise the question. If he pays the judgment, the fund will go into the hands of the trustee for distribution, and he would have a complete answer to any claim, should one be made by the trustee. The title did not pass to the trustee, but was held as collateral, conditioned upon the payment of the claims. If the claims were paid, the agreement and the trust would fall, whether satisfied out of the collateral or otherwise. It is held in many cases that assignees and others in various forms of representative capacity may sue in such capacity, but there is nothing in this to authorize the mandate that one having an interest in the subject-matter *shall not* sue.

I believe, therefore, that plaintiff has the right to maintain this action, or that Flickinger, the trustee, could properly institute the action in the name of Whiting.·

Motion for new trial is denied.