*W. G. Ulery* and *J. S. Martin,* for defendant in error.

---

### BAR OF THE STATUTE AS TO VENDORS' LIENS.

[Circuit Court of Lake County.]

ABBEY J. CALLENDER v. OLIVER W. BASQUIN, EXECUTOR, ET AL.

Decided, September Term, 1904.

*Vendors' Liens—Statute of Limitations.*

An action in equity to enforce a vendor's lien, where there is no agreement in writing or other memorandum respecting the sale, except the deed of conveyance which contains no covenant or promise on the part of the vendee to pay the balance of the purchase money, is barred in six years.

COOK, J.; LAUBIE, J., and BURROWS, J., concur.

The action below was to enforce payment of a vendor's lien. There was a demurrer to the petition which was sustained on the ground that the claim as shown by the petition was barred by the statute of limitations, and final judgment was rendered dismissing the petition and for costs.

The petition sets forth that on the 10th day of December, 1891, Abbey J. Callender sold the premises by a parol agreement to Egbert Valentine for $2,900, and on that day executed to him a warranty deed for the same; that Egbert Valentine paid him $733 on the purchase money, leaving a balance unpaid of $2,167.

Egbert Valentine died February 16, 1893, testate, devising the premises to Rumina Valentine, his wife, who elected to take under the will, and went into possession of the premises with full knowledge of the claim of Abbey J. Callender. Rumina Valentine died November 20, 1900, testate, and by her will she appointed Oliver W. Basquin her executor, who duly qualified. By the will portions of said premises were devised to certain devisees and the residue of the premises was inherited by her heirs. The suit is against the executor and all the devisees and heirs of Rumina Valentine.

The sole question made is: Did the court of common pleas err in sustaining the demurrer to the petition for the reason that the claim was barred by the statute of limitations?

This question has not been directly passed upon by our Supreme Court, but was referred to in the opinion of Dickman, J., in the case of *Yearly et al* v. *Long et al,* 40 O. S., 27, in which he says:

"By the code of civil procedure the distinction between actions at law and suits in equity was abolished, and for all such judicial proceedings the civil action is a substitute. Formerly in this state statutes of limitation embraced only remedies at common law, and not those cognizable in equity. But now, the lapse of time sufficient to bar the remedy, whether of a legal or equitable character, must be determined by reference to the statutory mandate.

"In seeking for the statutory rule of limitation applicable to the equitable charge under consideration, we can not adopt the rule governing suits on mortgage liens. A mortgage is a conveyance of the legal estate, which in law would entitle the mortgagee to his action for the possession of the mortgaged premises. A civil action to enforce this equitable charge we do not think can be classed among actions barred in twenty-one years 'for the recovery of the title or possession of lands, tenements or hereditaments.' A vendor's lien perhaps bears a close analogy to the equitable lien created by the testator's will; and it has been held in New York and other states than an action to enforce the equitable lien for the purchase money of land is barred by the lapse of six years after the debt has accrued; that the debt is the basis or foundation of the lien, and with it the lien must stand or fall (*Horst* v. *Corey,* 15 N. Y., 505; *Clyde* v. *Simpson et al,* 4 O. S., 462)."

In the case of *Borst* v. *Corey* referred to, it is said by Justice Johnson:

"It is true that to sustain the suit in equity, the plaintiff must bring to his aid the equitable lien given by law, while the action at law can be sustained without reference to such lien. But the lien is merely an incident to, and must stand or fall with the debt. The debt is the basis or foundation of the lien. The latter can not exist without, or independently of the former. In the suit to enforce the lien the cause of action, and the only substantial cause of action, is the debt."

In an action to foreclose a mortgage it has been held by our Supreme Court that a mortgage is a specialty and comes under the fifteen year provision of the statute (*Kerr et al* v. *Lydecker, Admr.*, 51 O. S., 240); and although the debt for which it is given to secure may be barred if an action was brought upon it at law, yet the suit in equity could be maintained (*Fisher* v. *Mossmon*, 11 O. S., 42; *Baily* v. *Smith*, 14 O. S., 396, 411). But there is very little analogy between an action on a vendor's lien and an action to foreclose a mortgage.

A claim for purchase money becomes a lien by operation of law. In this case, which is usual, there was no covenant or promise upon the part of the vendee, by the terms of the deed, to pay the balance of the purchase money, his liability being that alone of a simple debtor to pay in full for the land he purchased, and also in this case the debt became due at once, there being no stipulation whatever for time in which to make the payment.

There is nothing in the petition in any manner tending to show that the transaction made a continuing and subsisting trust, and thereby took it out of the statute. Egbert Valentine did not hold the money or the land in trust for Abbey J. Callender, but she was simply a creditor of Valentine for the balance of the purchase money.

We think the court below did right in sustaining the demurrer to the petition, and the judgment is affirmed.

*Homer Harper,* for plaintiff in error.

*G. N. Tuttle,* for defendant in error.