JOSEPH OVSIOVITCH, complainant-appellant,

*v.*

FEDERAL TOOL AND MANUFACTURING COMPANY, defendant-respondent.

[Submitted March 26th, 1923.  Decided June 18th, 1923.]

A chattel mortgage made by a corporation is an executed obligation not subject to the defence of usury under the statute. *P. L. 1902 p. 459; Comp. Stat. p. 5706.*

On appeal from a decree of the court of chancery advised by Vice-Chancellor Backes, whose opinion is reported in *94 N. J. Eq. 85.*

*Mr. Harry Green,* for the appellant.

*Mr. Russell Fleming* and *Mr. James L. Handford,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

Complainant loaned to defendant $2,000, for which defendant gave him its several promissory notes aggregating $2,500, and at the same time executed and delivered to complainant a chattel mortgage conditioned that it should be void on the payment of $2,500, in installments on certain fixed periods.  It is admitted that this mortgage was usurious, and the question presented is whether it is an obligation to which the statute entitled "An act relating to usury" (*P. L. 1902 p. 450; Comp. Stat. p. 5706*) applies.  The mortgage encumbered certain chattels, which were sold free of complainant's mortgage, by an order of the court of chancery in

insolvency proceedings against the defendant corporation, and the lien of the mortgage continued on the proceeds of the sale, which were to the extent of the mortgage debt deposited in court, that the right of complainant to the fund in satisfaction of his mortgage might be determined. The complainant filed his petition to be paid the whole amount of the mortgage debt, which the chancellor, on the advice of a vice-chancellor, refused, and made an order limiting the complainant's right to $2,500 and interest because, in the opinion of the vice-chancellor, the statute relating to usury above mentioned did not apply to complainant's mortgage, and, therefore, the corporation could plead usury as a defence.

The statute reads: "No corporation shall hereafter plead or set up the defence of usury to any action brought to recover damages or enforce a remedy on any obligation executed by said corporation." Mr. Justice Reed, in speaking of this statute for this court, in *Lembeck* v. *Jarvis, 70 N. J. Eq. 757,* said: "It is obvious, however, that the statute was passed to protect those that had made loans of money and had taken the paper or bonds of a corporation. As to such creditors it was doubtless intended to abolish the defence of usury *in toto.*"

But the vice-chancellor, in the instant case, rested his conclusions on the opinion of Mr. Justice Garrison, speaking for the supreme court, in *Mazarine* v. *Hudson County R. E. B. Co., 80 N. J. Law 35,* in which he said that in view of the uniform legislative policy of the state in the matter of usury, the words "obligation executed" by a corporation refers to corporate obligations in the sense of bonds, mortgages, debentures, and the like, that go on the market and into the hands of the public, and refused to make "obligation executed" apply to an agreement to pay a usurious commission to a broker in a suit based on a contract to pay for procuring a loan, holding that the promise to pay was a usurious contract, and that, in that suit, the statute did not apply.

The case last cited has never been reviewed by this court, but whether it correctly expresses the character of the only

obligations of a corporation against which usury cannot be set upon as a defence by a corporation is not necessary to determine in disposing of this case. The statute in unmistakable terms prohibits a corporation from pleading usury as a defence to any action brought to enforce a remedy on any obligation executed by a corporation, and this chattel mortgage, executed under seal by a corporation, is clearly an obligation executed, and if the complainant had filed a bill in equity to foreclose his mortgage the corporation would not be permitted the defence of usury. The fact that the court of chancery deprived him of that right, and, in substance, foreclosed it for him by directing a sale of the chattels free from its lien, but retaining it against the proceeds, does not change the legal status of the complainant, for if the defence could not be set up against the foreclosure of the mortgage, it cannot be when it is sought to be enforced against its proceeds held subject to the lien. But it is argued that the notes the mortgage was given to secure are not "obligations executed," and, therefore, subject to the defence of usury. Assuming, but not deciding, this is so, it would make no difference in the result of the instant case. The mortgage, which we hold was an obligation not subject to the defence of usury, was given to secure an admitted debt payable in installments at stated periods, "as evidenced by promissory notes of even date herewith," which is the only reference it contains concerning the notes; it contains no covenant to pay the debt, as in *Lembeck & Betz Eagle Brewing Co.* v. *Krause, 94 N. J. Law 219.*

Mr. Justice Kalisch, speaking for this court in that case, said: "The fact that the remedy by action on the promissory note was barred by statute did not have the legal effect to extinguish the obligation created either by the note or the covenant in the chattel mortgage. The debt could only be discharged by payment," and by analogy this complainant will not be deprived of his remedy to enforce his chattel mortgage, although his remedy to recover at law on the notes might be barred by the statute until the mortgage debt has been paid. *Wagoner* v. *Watts, 44 N. J. Law 126; Borst* v. *Corey, 15 N. Y. 505.*

There is abundant authority for the proposition that a mortgagee may foreclose his mortgage even if the obligation it was given to secure is barred by the statute of limitations, so long as he can show that the debt is not paid, and the remedy to enforce the mortgage is not barred by a statute. Therefore, it is of no consequence, in this case, whether the notes are or not enforceable at law. In our opinion, complainant's mortgage is an "obligation executed" by a corporation within the terms of the statute, and the corporation barred thereby from pleading usury as a defence to an action to enforce it, and the court of chancery having in effect foreclosed the mortgage and empounded the proceeds of the sale until that question was disposed of, the complainant is entitled to be paid out of the fund his mortgage debt and interest.

The order appealed from will be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Katzenbach, White, Heppenheimer, Ackerson, Van Buskirk—12.